✎ JS 44  (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Danielle Romero, individually; Randy Cordova, as Personal Representative of the Estate of Ruben Torres, deceased; Frank D. Ramirez

## DEFENDANTS

Amtrak; Nat'l RR Pass. Corp.; Union Pacific RR; Burlington Northern Santa Fe Railway; City of San Pablo; et al.

**(b)** County of Residence of First Listed Plaintiff  Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Bennet R. Glen (SBN 127534)
The Scranton Law Firm
2450 Stanwell Drive
Concord, CA. 94520     (925) 602-2727

Attorneys (If Known)

B. Clyde Hutchinson (SBN 037526); Jason B. Shane (SBN 253908)
Lombardi, Loper & Conant, LLP
1999 Harrison Street, Ste. 2600
Oakland, CA  94612     (510) 433-2600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | **PRISONER** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1441(a)

Brief description of cause:
Wrongful death action arising out of the death of a trespasser after being hit by a train.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ -0-

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
January 24, 2008

SIGNATURE OF ATTORNEY OF RECORD

1    B. CLYDE HUTCHINSON, State Bar No. 037526
      bch@llcllp.com
2    JASON B. SHANE, State Bar No. 253908
      jshane@llcllp.com
3    LOMBARDI, LOPER & CONANT, LLP
      Lake Merritt Plaza
4    1999 Harrison Street, Suite 2600
      Oakland, CA 94612-3541
5    Telephone:    (510) 433-2600
      Facsimile:     (510) 433-2699
6

7    Attorneys for Defendants
      NATIONAL RAILROAD PASSENGER
      CORPORATION, BNSF RAILWAY COMPANY,
8    UNION PACIFIC RAILROAD COMPANY, and
      ERIC PARKINSON
9

**ORIGINAL FILED**

JAN 24 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*E-filing*

10             UNITED STATES DISTRICT COURT

*ADR*

11          NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| DANIELLE ROMERO, individually; RANDY CORDOVA, as Personal Representative of the Estate of Ruben Torres, deceased; FRANK D. RAMIREZ,<br><br>          Plaintiffs,<br><br>   v.<br><br>AMTRAK; NATIONAL RAILROAD PASSENGER CORPORATION; UNION PACIFIC RAILROAD; BURLINGTON NORTHERN SANTA FE RAILWAY; CITY OF SAN PABLO; WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT; COUNTY OF CONTRA COSTA COUNTY; STATE OF CALIFORNIA; E. PARKINSON; and DOES 1 through 100,<br><br>          Defendants. | Case No. **C08 - 00540 JL**<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT** |

24       Defendant National Railroad Passenger Corporation (hereinafter "Amtrak") respectfully

25 alleges as follows.

26   / / /

27   / / /

28   / / /

13249-36247 JBS 548438.1

1

*(sidebar, left margin)* LOMBARDI, LOPER & CONANT, LLP — Lake Merritt Plaza — 1999 Harrison Street, Suite 2600 — Oakland, CA 94612-3541

1.    On November 6, 2007, Plaintiffs filed their Complaint against Defendants in the Superior Court of the State of California, County of Alameda, entitled Danielle Romero, et al. v. Amtrak, et al., Case No. RG07354993.  A true and correct copy of the unverified Complaint is attached hereto as **Exhibit A.**

2.    Defendant Amtrak was served with the Summons and Complaint on December 26, 2007.  See Service of Process transmittal attached as **Exhibit B.**

3.    On January 24, 2008, Defendants Amtrak, BNSF Railway Company, Union Pacific Railroad Company, and Eric Parkinson filed their Answer to Plaintiffs' Unverified Complaint in the Superior Court for the County of Alameda.  A copy of the Answer is attached hereto as **Exhibit C.**  Therefore this Notice of Removal is filed within 30 days after receipt by Defendant Amtrak of a copy of the pleading setting forth the claim for relief upon which this action is based.  On information and belief, no other defendant was served with summons and complaint earlier than December 26, 2007.

4.    This Court has original jurisdiction over the claim against Defendant Amtrak under 28 U.S.C. § 1331 (federal question jurisdiction) because Amtrak was incorporated by an Act of Congress (45 U.S.C. § 501, et seq.), and the United States of America owns more than 50% of Amtrak's capital stock (28 U.S.C. § 1349).  *In re Rail Collision Near Chase, Maryland*, 680 F. Supp. 728, 731 (D. Md. 1987).

5.    The removal of this claim against Defendant Amtrak to this Court is proper under 28 U.S.C. § 1441(a) because this is a civil action brought in a state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the state action is pending.

6.    Defendants BNSF Railway Company, Union Pacific Railroad Company and Eric Parkinson, which are represented by counsel for Amtrak, hereby consent to removal by and through their counsel, Lombardi, Loper & Conant, LLP.

7.    Sham defendants or defendants who are fraudulently joined need not join in the removal[1].  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  In this case,

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

---

[1] The term "'fraudulent joinder" is a term of art and does not reflect on the integrity of plaintiffs or counsel. *Lewis v.*

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    defendants State of California and City of San Pablo are sham defendants in that there is no

2    possibility plaintiff can establish liability against these defendants.  On information and belief,

3    State of California does not own or control any property at, adjacent to, or near the situs of the

4    accident and is not actively involved in the operation or management of Union Pacific Railroad

5    Company tracks on which the accident occurred or the surrounding areas as alleged in the

6    Complaint and is not responsible for the level of protection, or lack thereof, or the maintenance of

7    protection at the area involved in the accident.  Additionally, on information and belief, City of

8    San Pablo does not own or control any property at, adjacent to, or near the situs of the accident.

9    Further, the situs of the accident is not within the jurisdictional limits of the City, but rather is in

10   an unincorporated area of the County of Contra Costa.  Thus, State of California and City of San

11   Pablo have no responsibility for the accident area and plaintiffs cannot establish liability against

12   either defendant.

13        8.    To the extent that any claims could be brought against defendants State of

14   California and City of San Pablo, those claims would be separate and independent of the claims

15   being removed, and therefore these defendants need not join in the removal pursuant to 28 U.S.C.

16   §1441(c).  *Arizona v. Maypenny*, 451 U.S. 232, 241-242 (1981); *Henry v. Independent American

17   Sav. Ass'n.*, 857 F.2d 995, 999 (5th Cir. 1988).

18        9.    In addition, if a defendant has not yet been served in the action, then that defendant

19   need not join in the removal.  *Salverson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429

20   (9th Cir. 1984); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997); *Northern Ill. Gas Co.

21   v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir. 1982).  In this case, upon information and

22   belief, defendant Eric Parkinson has not been served.

23        10.   Lastly, Doe defendants do not need to be joined in this Notice of Removal.  See

24   *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).

25        11.   Thus the removal of the action is timely and proper.

26

27   *Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) aff'd, 710 F.2d 549 (9th Cir. 1983); *McCabe v. General Foods Corp.*,
     811 F.2d 1336, 1339 (9th Cir. 1987); *Bucedi v. Asbestos Defendants (BHC)*, 1997 U.S. Dist. LEXIS 21775 (N.D.

28   Cal.).  "Fraudulent" in this context simply means that there is no possibility plaintiffs can establish liability against
     the defendant in question. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

1    12.    A copy of the Notice of Removal of Case to Federal Court that has been filed with

2    the California Superior Court is attached hereto as **Exhibit D**.

3    WHEREFORE, Defendant prays that this action be removed to this Court.

4    Dated: January _24_, 2008                    LOMBARDI, LOPER & CONANT, LLP

5

6                                        By: _____

7                                            B. CLYDE HUTCHINSON
                                             Attorneys for Defendants
8                                        NATIONAL RAILROAD PASSENGER
                                         CORPORATION, BNSF RAILWAY COMPANY,
9                                        UNION PACIFIC RAILROAD COMPANY, and
                                             ERIC PARKINSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT NAT'L RR PASS. CORP.'S NOTICE OF REMOVAL TO FEDERAL COURT

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

# EXHIBIT A

JAN. 3. 2008  5:53PM  AMTRAK LAW DEPT HQ                    NO. 9199  P. 4/46

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| BENNETT R. GLEN, ESQ.                           127534<br>SCRANTON LAW FIRM<br>2450 STANWELL DRIVE<br>CONCORD, CA 94520<br>TELEPHONE NO.: (925) 602-2727          FAX NO.(*Optional*): (925) 676-9999<br>~~E-MAIL ADDRESS (Optional):~~<br>ATTORNEY FOR *(name)*:   PLAINTIFFS DANIELLE ROMERO, RANDY CORDOVA as Personal<br>Representative of the Estate of Ruben Torres, deceased | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA

STREET ADDRESS: 1225 FALLON STREET

MAILING ADDRESS:

CITY AND ZIP CODE: OAKLAND, CA 94612

BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF:  DANIELLE ROMERO individually, RANDY CORDOVA as Personal Representative
of the Estate of Ruben Torres, deceased, FRANK D. RAMIREZ

DEFENDANT: AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC
RAILROAD, BURLINGTON NORTHERN SANTA FE RAILWAY, CITY OF SAN PABLO,
WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT,
COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, E.. PARKINSON, and

[X] DOES 1 TO 100

**COMPLAINT—Personal injury, Property Damage, Wrongful Death**

[ ] AMENDED *(Number)* :

Type *(check all that apply)* :

[X] MOTOR VEHICLE      [X] OTHER *(specify)*:   Survival Action, Premises Liability,
[ ] Property Damage       [X] Wrongful Death   General Negligence, Intentional Tort
[ ] Personal Injury       [X] Other Damages *(specify)* :
                                          Punitive, See Page 3

Jurisdiction *(check all that apply)* :

[ ] ACTION IS A LIMITED CIVIL CASE

Amount demanded  [ ] does not exceed $10,000
                 [ ] exceeds $10,000, but does not exceed $25,000

[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint
       [ ] from limited to unlimited
       [ ] from unlimited to limited

ENDORSED
FILED
ALAMEDA COUNTY

NOV - 6 2007

CLERK OF THE SUPERIOR COURT
By    G. TEMPLEMAN Deputy

CASE NUMBER:

RG-07354993

1.  Plaintiff *(name or names)*:  DANIELLE ROMERO individually, RANDY CORDOVA as Personal Representative of the Estate of Ruben Torres deceased,
    FRANK D. RAMIREZ. (The Estate of Ruben Torres by and through its Personal Representative Randy Cordova may hereinafter be referred to as "THE ESTATE").
    alleges causes of action against defendant *(name or names)*:  AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC RAILROAD,
    BURLINGTON NORTHERN SANTA FE RAILWAY, CITY OF SAN PABLO, WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT, COUNTY OF CONTRA COSTA, STATE OF
    CALIFORNIA, E. PARKINSON, and DOES 1 TO 100

2.  This pleading, including attachments and exhibits, consists of the following number of pages: 31

3.  Each plaintiff named above is a competent adult

    a.  [ ] except plaintiff *(name)* :
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe)* :
        (3) [ ] a public entity *(describe)* :
        (4) [ ] a minor    [ ] an adult
             (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
             (b) [ ] other *(specify)* :
        (5) [ ] other *(specify)* :

    b.  [ ] except plaintiff *(name)* :
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe)* :
        (3) [ ] a public entity *(describe)* :
        (4) [ ] a minor    [ ] an adult
             (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
             (b) [ ] other *(specify)* :
        (5) [ ] other *(specify)* :

[ ]  Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

Martin David
ESSENTIAL FORMS

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

DANIELLE ROMERO

JAN. 3. 2008  5:54PM   AMTRAK LAW DEPT HQ                    NO. 9199   P. 5/46

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROMERO, et al. v. AMTRAK, et al. | |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name):
      BURLINGTON NORTHERN SANTA FE RAILWAY
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☒ except defendant (name):
      NATIONAL RAILROAD PASSENGER CORPORATION
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☒ except defendant (name):
      AMTRAK
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☒ except defendant (name):
      UNION PACIFIC RAILROAD
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☒ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-50              were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 51-100            are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

<u>**DANIELLE ROMERO, et al. v. AMTRAK, et al.**</u>
**Alameda County Superior Court, State of California**

**ATTACHMENT 5**

e.  **except defendant** *(name)*: CITY OF SAN PABLO

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☒ other *(specify)*: a city

f.  **except defendant** *(name)*: WEST CONTRA COSTA COUNTY UNIFIED SCHOOL
   DISTRICT

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☒ other *(specify)*: a school district

g.  **except defendant** *(name)*: COUNTY OF CONTRA COSTA

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☒ other *(specify)*: a county

<u>DANIELLE ROMERO, et al. V. AMTRAK, et al.</u>
**Alameda County Superior Court, State of California**

**ATTACHMENT 5 (Continued)**

h.      except defendant *(name)*: STATE OF CALIFORNIA

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☒ other *(specify)*: a State of the United States of America

PLD-PI-001

| SHORT TITLE:<br>ROMERO, et al. v. AMTRAK, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☒ Motor Vehicle
   b. ☒ General Negligence
   c. ☒ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☒ Other *(specify)*:
      Survival Action, Exemplary Damage Attachment.

11. Plaintiff ~~(name):~~ RANDY CORDOVA, as Personal Representative of the Estate of Ruben Torres, deceased, through this survival action has suffered/is entitled to: .
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☐ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)*:
      Costs and prejudgment interest pursuant to Civil Code Sections 3287 and/or 3294; punitive and/or exemplary damages.

12. ☒ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☒ listed in Attachment 12.
   b. ☐ as follows:

12.1.  Plaintiff FRANK D. RAMIREZ is named as a necessary party and is decedent Ruben Torres's natural father and heir.  Plaintiff FRANK D. RAMIREZ is currently proceeding in this matter in pro per.  Plaintiff FRANK D. RAMIREZ'S contact information is as follows: 2453 Doret Lane, Tracy, CA 95377. Phone/Fax: (209) 839-9616, Email: M3DRIVER21@yahoo.com

13. The relief sought in this complaint is within the jurisdiction of this court.

13.1. The decedent, Ruben Torres is also known as "Ruben Anthony Torres" or "Ruben Anthony Torres Ramirez."

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages and prejudgment costs and interest pursuant to Civil Code Sections 3287, and/or 3294
      (2) ☒ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

15.1. Randy Cordova, as Personal Representative of The Estate of Ruben Torres, deceased may hereinafter be referred to as "The Estate" anywhere throughout this Complaint, and wherever THE ESTATE is referenced throughout this Complaint, such reference shall incorporate "RANDY CORDOVA as Personal Representative of The Estate of Ruben Torres, deceased" as though fully set forth.

Date: October 30, 2007

Bennett R. Glen, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### DANIELLE ROMERO, et al. v. AMTRAK, et al.
**Alameda County Superior Court, State of California**

#### ATTACHMENT 12

Plaintiff, DANIELLE ROMERO, was the mother and heir of decedent Ruben Torres.

Damages claimed by Plaintiff DANIELLE ROMERO include, but are not limited to:

1. The loss of her son Ruben Torres' love, companionship, comfort, care, assistance, protection, affection, society, moral support, the loss of experiencing her only child grow up and live a full life through his adulthood; the loss of Plaintiff DANIELLE ROMERO being able to provide her love, companionship, comfort, care, assistance, protection, affection, society, moral support, and all that constitutes a maternal relationship with one's only child to decedent Ruben Torres;

2. The financial support that Ruben Torres would have contributed to Plaintiff during Plaintiff's life expectancy or that of her only child Ruben Torres' life expectancy;

3. The loss of gifts or benefits that Plaintiff DANIELLE ROMERO would have expected to receive from her only child Ruben Torres had he not been killed;

4. Funeral and burial expenses; and the reasonable value of household services that Plaintiff's only child, Ruben Torres, would have provided;

5. The loss of DANIELLE ROMERO's only son Ruben Torres' assistance throughout Plaintiff DANIELLE ROMERO's entire life; and

6. The loss of all other interaction between Plaintiff DANIELLE ROMERO and her only child Ruben Torres, and any and all experiences and/or benefits derived in that lifetime interaction, if Ruben Torres had not been tragically struck down and killed in his childhood; and

7. All medical, psychiatric, psychological or other health care provider expenditures for care of Plaintiff DANIELLE ROMERO due to the death of her only child, Ruben Torres.

Plaintiff, FRANK D. RAMIREZ (in *pro per*) was the natural father and heir of decedent Ruben Torres.

Damages claimed by Plaintiff, FRANK D. RAMIREZ include, but are not limited to:

1. The loss of his son Ruben Torres' love, companionship, comfort, care, assistance, protection, affection, society, moral support, the loss of experiencing his child grow up and live a full life through his adulthood; the loss of Plaintiff FRANK D. RAMIREZ being able to provide his love, companionship, comfort, care, assistance, protection, affection, society, moral support, and all that constitutes a paternal relationship with one's child to decedent Ruben Torres;

<u>**DANIELLE ROMERO, et al. v. AMTRAK, et al.**</u>
**Alameda County Superior Court, State of California**

**ATTACHMENT 12 (Continued)**

2. The financial support that Ruben Torres would have contributed to Plaintiff during Plaintiff's life expectancy or that of his child Ruben Torres' life expectancy;

3. The loss of gifts or benefits that Plaintiff FRANK D. RAMIREZ would have expected to receive from his child Ruben Torres had he not been killed;

4. Funeral and burial expenses; and the reasonable value of household services that Plaintiff's child, Ruben Torres, would have provided;

5. The loss of FRANK D. RAMIREZ's son Ruben Torres' assistance throughout Plaintiff FRANK D. RAMIREZ's entire life; and

6. The loss of all other interaction between Plaintiff FRANK D. RAMIREZ and his child Ruben Torres, and any and all experiences and/or benefits derived in that lifetime interaction, if Ruben Torres had not been tragically struck down and killed in his childhood; and

7. All medical, psychiatric, psychological or other health care provider expenditures for care of Plaintiff FRANK D. RAMIREZ due to the death of his child, Ruben Torres.

JAN. 3. 2008  5:54PM    AMTRAK LAW DEPT HQ                    NO. 9199   P. 1 /46

PLD-PI-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROMERO, et al. v. AMTRAK, et al. | |

FIRST _____            CAUSE OF ACTION- Motor Vehicle
       (number)

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* DANIELLE ROMERO individually, RANDY CORDOVA as Personal Representative of The Estate of Ruben Torres, deceased, FRANK D.
RAMIREZ.

MV-1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries
and damages to plaintiff; the acts occurred
on *(date):*    October 26, 2006
at *(place):*    At or about Terra Hills Road, mile marker number 18, in or near the City of San Pablo, County of
Contra Costa, State of California.

MV-2. DEFENDANTS
   a. [X] The defendants who operated a motor vehicle are *(names):*
        E. PARKINSON, NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, BURLINGTON
        NORTHERN SANTA FE RAILWAY, UNION PACIFIC RAILROAD
        [X] Does  1 _____  to  100 _____
   b. [X] The defendants who employed the persons who operated a motor vehicle in the course of their employment
        are *(names):* E. PARKINSON, NATIONAL RAILROAD PASSENGER CORPORATION,
                AMTRAK, BURLINGTON NORTHERN SANTA FE RAILWAY, UNION PACIFIC
                RAILROAD

        [ ] Does  1 _____  to  100 _____
   c. [X] The defendants who owned the motor vehicle which was operated with their permission are *(names):*
        E. PARKINSON, NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, BURLINGTON
        NORTHERN SANTA FE RAILWAY, UNION PACIFIC RAILROAD

        [X] Does  1 _____  to  100 _____
   d. [X] The defendants who entrusted the motor vehicle are *(names):*
        E. PARKINSON, NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, BURLINGTON
        NORTHERN SANTA FE RAILWAY, UNION PACIFIC RAILROAD
        [ ] Does  1 _____  to  100 _____
   e. [X] The defendants who were the agents and employees of the other defendants and acted within the scope
        of the agency were *(names):*
        CITY OF SAN PABLO, WEST CONTRA COSTA COUNTY UNIVIED SCHOOL DISTRICT; COUNTY OF CONTRA COSTA, STATE OF
        CALIFORNIA, UNION PACIFIC RAILROAD, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION; BURLINGTON NORTHERN
        SANTA FE RAILWAY, E. PARKINSON
        [X] Does  1 _____  to  100 _____
   f. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        [X] listed in Attachment MV-2f  [ ] as follows:
             SEE ATTACHMENT MV-2f

        [X] Does  1 _____  to  100 _____

                                                            Page 4 _____
                                                               Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(1) [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS             CAUSE OF ACTION - Motor Vehicle        Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

                                                    DANIELLE ROMERO

**DANIELLE ROMERO, et al. v. AMTRAK, et al.**
**Alameda County Superior Court, State of California**

**ATTACHMENT MV-2f**

The area of the subject incident included, but was not limited to:  Railroad tracks in the

State of California in or near the City of San Pablo or in an unincorporated area of Contra Costa

County at or about Tara Hills Road, mile marker number 18, near Montalvan Manor and near

Seaview Elementary School and near the MonTeraBay Community Center, and ball fields, near

the intersection of Birch Court and Cypress Avenue, and near the bay's edge hereinafter referred

to as "the area", and/or "the subject area", and/or "aforesaid areas", and/or "afore-mentioned

area", and/or "general area", and/or "afore-described area:".  The train collision, itself, occurred

at the railroad tracks at or about Tara Hills Road, mile marker number 18, in or near the City of

San Pablo, County of Contra Costa, State of California in the afore-described area and plaintiffs'

young minor son and The Estate's decedent, Ruben Torres, suffered fatal injuries after being

struck by an Amtrak train.

Plaintiff DANIELLE ROMERO's only child, Plaintiff FRANK D. RAMIREZ's child and

THE ESTATE's decedent, Ruben Torres, was an elementary school child when he was killed.

Wherever reference is made in this Complaint to "elementary school children" or "school

children" or "children,", or "child," Plaintiffs' decedent, Ruben Torres, is to be considered to be

part of this reference, wherever stated in this Complaint.

Reference is made in this Complaint to "Plaintiff's decedent" or "Plaintiffs' decedent."

Wherever such reference is made, it is to mean "Ruben Torres, the only child of Plaintiff

DANIELLE ROMERO, a child of Plaintiff FRANK D. RAMIREZ and THE ESTATE's

5

decedent and shall be incorporated wherever such reference is made as though fully set forth therein."

The area where the incident occurred was an attractive nuisance to school children, including decedent, Ruben Torres, herein. Said attractive nuisance was actually and legally caused by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa; and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and Does 1-100, and was the actual and legal cause of decedent Ruben Torres's injuries and death. Such attractive nuisance was a dangerous condition.

The owners, and/or supervisors, and/or managers, and/or controllers, and/or lessors, and/or lessees, and/or agents and/or other representatives of the area are Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa; and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and Does 1-100. These Defendants had control, safety, supervisory, and/or managerial duties owed to Plaintiffs' decedent and/or the elementary school children playing in the subject area. The aforesaid defendants failed in their aforesaid duties to Plaintiff DANIELLE ROMERO and her only child, decedent Ruben Torres and FRANK D. RAMIREZ' child, decedent Ruben Torres. Such failure by the aforesaid Defendants was the actual and legal cause of the injuries and death of Plaintiffs' decedent and of the damages of Plaintiffs herein. Elementary school children in the area, including Plaintiffs' decedent, played in the area,

utilizing the ball fields and/or access the bay's shore and/or the grounds of Seaview Elementary School and live in the area.  These children, including Plaintiffs' decedent, would play, walk and/or ride their bicycles in the afore-mentioned areas, and had to cross railroad tracks in the area that put them in a dangerous situation due to dangerous condition(s), which were actually, and legally caused by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and the employees or other representatives of the aforesaid entities and Does 1-100, individually and/or in any combination with each other.

The dangerous condition or conditions included, but were not limited to, the barricading of a bridge/trestle, disallowing school children to use their bikes on it to safely cross railroad tracks and/or failure to fence property that the school children would access in the afore-described areas, such as, but not limited to, fencing at the Seaview Elementary School and/or the afore-described ball fields and/or failure to maintain fencing in the aforesaid areas and/or surrounding the railroad tracks which allowed and invited children through and to those areas which were close to the railroad tracks where the subject train collision incident occurred and/or failure to maintain the roadway crossing the railroad tracks so as to prevent dangerous gaps and/or holes on the roadway at or about the railroad track crossing which posed a dangerous condition and hazard to children attempting to cross there, and, rather, forcing or enticing the school children to go to other dangerous areas/ areas of dangerous condition(s) within the aforesaid area of the railroad tracks in order to cross, which the school children may have perceived and/or perceived to be less dangerous/hazardous than the road crossing where these

7

dangerous gaps and holes in the road existed and/or failing to place warning signs at and about

the place of the subject incident to dissuade elementary school children from crossing or

attempting to cross the railroad tracks except in a designated safe area and/or to warn of the risk

of death being near the tracks and/or failing to place barricades at or about the place of the

subject incident to prevent elementary school children, including Plaintiffs' decedent from

attempting to and/or crossing the tracks there and/or failing to operate trains at or below the

speed limit and/or failing to prevent trains from operating too fast for conditions–especially

knowing elementary school children were present and/or failing to slow trains to a very slow

speed and/or stop knowing elementary school children were crossing railroad tracks in the area,

including but not limited to the train that struck Plaintiffs' decedent and/or failing to post look-

outs and/or other safety personnel to ensure the safety of the children in crossing the tracks

and/or failing to place devices in the area to warn train operators of school children close to the

tracks as the trains entered the area and/or failing to communicate with each other – that is,

failing to communicate between City of San Pablo, and/or West Contra Costa County Unified

School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific

Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington

Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of

the aforesaid Defendants and Does 1-100, individually and/or in any combination with each other

of the dangerous condition(s) and of the young elementary school children in the area attempting

to and/or crossing the tracks – and/or failing to take action to make the area safe for those young

elementary school children to cross the railroad tracks in the area and/or failing to reduce the

speed limit for the trains passing through the area, and creating a general area which constituted a

8

dangerous condition for any single and/or any combination and/or all of the foregoing reason(s) to elementary school children playing in the area and/or attempting to and/or crossing the railroad tracks in the general area.

Additionally, Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of the aforesaid Defendants and Does 1-100, individually and/or in combination with each other, created "an attractive nuisance" to the children in the general area described hereinabove through the aforesaid Defendants aforedescribed actions and/or inactions causing dangerous condition(s) as described herein above, which actually and legally (proximately) caused the death of elementary school child/Plaintiffs' decedent Ruben Anthony Torres the only child of Plaintiff DANIELLE ROMERO and a child Plaintiff FRANK D. RAMIREZ.

Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of the aforesaid entities, and Does 1-100, individually and/or in combination with each other, knew (had actual notice) or should have known (constructive notice) that elementary school children were playing in the afore-described area and crossing the railroad tracks and/or attempting to cross the railroad tracks in and about the afore-described area and/or should have known of them doing so and/or had constructive notice of them doing so and Defendants City of San Pablo, and/or West Contra

9

Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of the aforesaid entities and Does 1-100, individually and/or in combination with each other knew (had actual notice), and/or should have known, and/or had constructive notice that the dangerous condition(s) as described hereinabove existed on October 26, 2006 and for a long time prior to it. Even a cursory examination of the area by the aforesaid Defendants, their employees, agents or other representatives would have revealed the afore-described dangerous condition(s), and/or the children's presence in the area where the dangerous conditions existed, as heretofore described.

To the extent that the afore-described dangerous conditions were actually and legally (proximately) caused by the employee(s) and/or representatives of the Public Entities named herein, had those public entity employee(s) been private persons, the action and/or inaction of those Public employee(s) would constitute negligence. The dangerous conditions, individually and/or in combination with one another resulted in the more likely than not probability of grave harm and/or death coming to the school children, including Plaintiffs' decedent, playing in the afore-described areas and/or attempting to and/or crossing the railroad tracks in the areas, and, in fact, caused (legally and actually) the death of Plaintiffs' decedent, Plaintiff DANIELLE ROMERO's only child, elementary school child Ruben Torres, a child of Plaintiff FRANK D. RAMIREZ.

The afore-described dangerous condition and/or dangerous conditions created by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or

10

County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or

Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe

Railway, E. Parkinson; and the employees or other representatives of the aforesaid entities, and

Does 1-100,  individually and/or in any combination with each other through their

actions/inactions and/or the actions/inactions of their employees or other representatives and

Does 1-100 actually and legally caused the injuries and death and damages of Plaintiffs'

decedent/Plaintiff DANIELLE ROMERO's only child/elementary school child Ruben Torres, a

child of Plaintiff FRANK D. RAMIREZ and the injuries and damages to the Plaintiffs named

herein.

      Had Defendants City of San Pablo, and/or West Contra Costa County Unified School

District, and/or County of Contra Costa, and/or State of California and/or Union Pacific Railroad

and/or Amtrak and/or National Railroad Passenger Corporation and/or Burlington Northern

Santa Fe Railway and/or E. Parkinson and/or the employees or other representatives of the

aforesaid entities, and Does 1-100, individually and/or in combination with each other, provided

safety precautions such as warning signs and/or barricades and/or proper fencing and/or repaired

and/or made safe roadway crossings at the railroad tracks and/or maintained a safe passage for

elementary school children, including Plaintiffs' decedent/Plaintiff DANIELLE ROMERO's

only child and Plaintiff FRANK D. RAMIREZ's child herein, this tragedy would not have

occurred.

      As a result of the creation of a dangerous condition/dangerous conditions and/or negligent

actions/inactions, hereinabove described, by City of San Pablo, and/or West Contra Costa County

Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union

11

Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or

Burlington Northern Santa Fe Railway, and/or E. Parkinson, and/or the employees or other

representatives of the aforesaid entities, and Does 1-100, individually and/or in any combination

with each other, Plaintiff DANIELLE ROMERO suffered the loss of her only child, Ruben

Anthony Torres, and Plaintiff FRANK D. RAMIREZ suffered the loss of his child decedent

Ruben Torres and The Estate's decedent was caused fatal injuries and damages and each Plaintiff

sustained damages in excess of the limited economic jurisdiction of the Superior Court.

Plaintiffs' decedent was not killed instantly upon collision with the train and a survival action

arises and he and/or Plaintiffs suffered injuries and damages as a result of same.

JAN. 3. 2008  5:56PM    AMTRAK LAW DEPT HQ                    NO. 9199   P. 20/46

| SHORT TITLE: | | CASE NUMBER: | PLD-PI-001(4) |
|---|---|---|---|
| ROMERO, et al. v. AMTRAK, et al. | | | |

SECOND
(number)                    **CAUSE OF ACTION- Premises Liability**          Page   12

ATTACHMENT TO [X] Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* DANIELLE ROMERO individually, RANDY CORDOVA as Personal Representative of the Estate of Ruben Torres, deceased, alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
and FRANK D. RAMIREZ, individually,
On *(date):* October 26, 2006                    plaintiff was injured on the following premises in the following
                              THE ESTATE's decedent/Plaintiff DANIELLE ROMERO'S  only child was killed .
fashion *(description of premises and circumstances of injury):*
Plaintiff makes reference to all prior paragraphs (which includes all pages, causes of action, and attachments to this Complaint) of this Complaint and incorporates them in this cause of action as though fully set forth herein.

Plaintiff DANIELLE ROMERO's only child and THE ESTATE's decedent, Ruben Torres, and Plaintiff FRANK D. RAMIREZ'S child was killed after being struck by an Amtrak train at or about Tara Hills Road, mile marker number 18 in or near the City of San Pablo, County of Contra Costa, State of California.  The circumstances of the death are further described herein.

Prem.L-2.    [X] **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):* CITY OF SAN PABLO, WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, UNION PACIFIC RAILROAD, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION, BURLINGTON NORTHERN SANTA FE RAILWAY, E. PARKINSON, and
         [X] Does    1    to    100

Prem.L-3.    ☐ **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

         ☐ Does    1    to _____
         Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

Prem.L-4.    [X] **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*
         CITY OF SAN PABLO, WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA
              [X] Does    1    to    100
         a. [X] The defendant public entity had [X] actual [X] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
         b. [X] The condition was created by employees of the defendant public entity.

Prem.L-5.  a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
         CITY OF SAN PABLO, WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, UNION PACIFIC RAILROAD, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION, BURLINGTON NORTHERN SANTA FE
              [X] Does    1    to    100    RAILWAY, E. PARKINSON, and
         b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
              [X] described in attachment Prem.L-5.b ☐ as follows *(names):*
                   SEE ATTACHMENT PREM.L-5.b.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) (Rev. January 1, 2007)
Martin Dean's
ESSENTIAL FORMS™                    **CAUSE OF ACTION - Premises Liability**          Page 1 of 1
                                                       Code of Procedure § 425.12
                                                       www.courtinfo.ca.gov
                              DANIELLE ROMERO

<u>DANIELLE ROMERO, et al. v. AMTRAK, et al.</u>
Alameda County Superior Court, State of California

ATTACHMENT PREM.L-5b

The area of the subject incident included, but was not limited to: Railroad tracks in the State of California in or near the City of San Pablo or in an unincorporated area of Contra Costa County at or about Tara Hills Road, mile marker number 18, near Montalvan Manor and near Seaview Elementary School and near the MonTeraBay Community Center, and ball fields, near the intersection of Birch Court and Cypress Avenue, and near the bay's edge hereinafter referred to as "the area", and/or "the subject area", and/or "aforesaid areas", and/or "afore-mentioned area", and/or "general area", and/or "afore-described area:". The train collision, itself, occurred at the railroad tracks at or about Tara Hills Road, mile marker number 18, in or near the City of San Pablo, County of Contra Costa, State of California in the afore-described area and plaintiffs' young minor son and The Estate's decedent, Ruben Torres, suffered fatal injuries after being struck by an Amtrak train.

Plaintiff DANIELLE ROMERO's only child, Plaintiff FRANK D. RAMIREZ's child and THE ESTATE's decedent, Ruben Torres, was an elementary school child when he was killed.

Wherever reference is made in this Complaint to "elementary school children" or "school children" or "children,", or "child," Plaintiffs' decedent, Ruben Torres, is to be considered to be part of this reference, wherever stated in this Complaint.

Reference is made in this Complaint to "Plaintiff's decedent" or "Plaintiffs' decedent." Wherever such reference is made, it is to mean "Ruben Torres, the only child of Plaintiff DANIELLE ROMERO, a child of Plaintiff FRANK D. RAMIREZ and THE ESTATE's

13

decedent and shall be incorporated wherever such reference is made as though fully set forth therein.

The area where the incident occurred was an attractive nuisance to school children, including decedent, Ruben Torres, herein.   Said attractive nuisance was actually and legally caused by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa; and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and Does 1-100, and was the actual and legal cause of decedent Ruben Torres's injuries and death.   Such attractive nuisance was a dangerous condition.

The owners, and/or supervisors, and/or managers, and/or controllers, and/or lessors, and/or lessees, and/or agents and/or other representatives of the area are Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa; and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and Does 1-100.   These Defendants had control, safety, supervisory, and/or managerial duties owed to Plaintiffs' decedent and/or the elementary school children playing in the subject area.   The aforesaid defendants failed in their aforesaid duties to Plaintiff DANIELLE ROMERO and her only child, decedent Ruben Torres and FRANK D. RAMIREZ' child, decedent Ruben Torres.   Such failure by the aforesaid Defendants was the actual and legal cause of the injuries and death of Plaintiffs' decedent and of the damages of Plaintiffs herein.   Elementary school children in the area, including Plaintiffs' decedent, played in the area,

14

utilizing the ball fields and/or access the bay's shore and/or the grounds of Seaview Elementary School and live in the area. These children, including Plaintiffs' decedent, would play, walk and/or ride their bicycles in the afore-mentioned areas, and had to cross railroad tracks in the area that put them in a dangerous situation due to dangerous condition(s), which were actually, and legally caused by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and the employees or other representatives of the aforesaid entities and Does 1-100, individually and/or in any combination with each other.

The dangerous condition or conditions included, but were not limited to, the barricading of a bridge/trestle, disallowing school children to use their bikes on it to safely cross railroad tracks and/or failure to fence property that the school children would access in the afore-described areas, such as, but not limited to, fencing at the Seaview Elementary School and/or the afore-described ball fields and/or failure to maintain fencing in the aforesaid areas and/or surrounding the railroad tracks which allowed and invited children through and to those areas which were close to the railroad tracks where the subject train collision incident occurred and/or failure to maintain the roadway crossing the railroad tracks so as to prevent dangerous gaps and/or holes on the roadway at or about the railroad track crossing which posed a dangerous condition and hazard to children attempting to cross there, and, rather, forcing or enticing the school children to go to other dangerous areas/ areas of dangerous condition(s) within the aforesaid area of the railroad tracks in order to cross, which the school children may have perceived and/or perceived to be less dangerous/hazardous than the road crossing where these

15

dangerous gaps and holes in the road existed and/or failing to place warning signs at and about

the place of the subject incident to dissuade elementary school children from crossing or

attempting to cross the railroad tracks except in a designated safe area and/or to warn of the risk

of death being near the tracks and/or failing to place barricades at or about the place of the

subject incident to prevent elementary school children, including Plaintiffs' decedent from

attempting to and/or crossing the tracks there and/or failing to operate trains at or below the

speed limit and/or failing to prevent trains from operating too fast for conditions--especially

knowing elementary school children were present and/or failing to slow trains to a very slow

speed and/or stop knowing elementary school children were crossing railroad tracks in the area,

including but not limited to the train that struck Plaintiffs' decedent and/or failing to post look-

outs and/or other safety personnel to ensure the safety of the children in crossing the tracks

and/or failing to place devices in the area to warn train operators of school children close to the

tracks as the trains entered the area and/or failing to communicate with each other – that is,

failing to communicate between City of San Pablo, and/or West Contra Costa County Unified

School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific

Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington

Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of

the aforesaid Defendants and Does 1-100, individually and/or in any combination with each other

of the dangerous condition(s) and of the young elementary school children in the area attempting

to and/or crossing the tracks – and/or failing to take action to make the area safe for those young

elementary school children to cross the railroad tracks in the area and/or failing to reduce the

speed limit for the trains passing through the area, and creating a general area which constituted a

16

dangerous condition for any single and/or any combination and/or all of the foregoing reason(s) to elementary school children playing in the area and/or attempting to and/or crossing the railroad tracks in the general area.

Additionally, Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of the aforesaid Defendants and Does 1-100, individually and/or in combination with each other, created "an attractive nuisance" to the children in the general area described hereinabove through the aforesaid Defendants aforedescribed actions and/or inactions causing dangerous condition(s) as described herein above, which actually and legally (proximately) caused the death of elementary school child/Plaintiffs' decedent Ruben Anthony Torres the only child of Plaintiff DANIELLE ROMERO and a child Plaintiff FRANK D. RAMIREZ.

Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson,  and the employees or other representatives of the aforesaid entities, and Does 1-100, individually and/or in combination with each other, knew (had actual notice) or should have known (constructive notice) that elementary school children were playing in the afore-described area and crossing the railroad tracks and/or attempting to cross the railroad tracks in and about the afore-described area and/or should have known of them doing so and/or had constructive notice of them doing so and Defendants City of San Pablo, and/or West Contra

17

Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of the aforesaid entities and Does 1-100, individually and/or in combination with each other knew (had actual notice), and/or should have known, and/or had constructive notice that the dangerous condition(s) as described hereinabove existed on October 26, 2006 and for a long time prior to it. Even a cursory examination of the area by the aforesaid Defendants, their employees, agents or other representatives would have revealed the afore-described dangerous condition(s), and/or the children's presence in the area where the dangerous conditions existed, as heretofore described.

To the extent that the afore-described dangerous conditions were actually and legally (proximately) caused by the employee(s) and/or representatives of the Public Entities named herein, had those public entity employee(s) been private persons, the action and/or inaction of those Public employee(s) would constitute negligence. The dangerous conditions, individually and/or in combination with one another resulted in the more likely than not probability of grave harm and/or death coming to the school children, including Plaintiffs' decedent, playing in the afore-described areas and/or attempting to and/or crossing the railroad tracks in the areas, and, in fact, caused (legally and actually) the death of Plaintiffs' decedent, Plaintiff DANIELLE ROMERO's only child, elementary school child Ruben Torres, a child of Plaintiff FRANK D. RAMIREZ.

The afore-described dangerous condition and/or dangerous conditions created by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or

County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or

Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe

Railway, E. Parkinson, and the employees or other representatives of the aforesaid entities, and

Does 1-100, individually and/or in any combination with each other through their

actions/inactions and/or the actions/inactions of their employees or other representatives and

Does 1-100 actually and legally caused the injuries and death and damages of Plaintiffs'

decedent/Plaintiff DANIELLE ROMERO's only child/elementary school child Ruben Torres, a

child of Plaintiff FRANK D. RAMIREZ and the injuries and damages to the Plaintiffs named

herein.

Had Defendants City of San Pablo, and/or West Contra Costa County Unified School

District, and/or County of Contra Costa, and/or State of California and/or Union Pacific Railroad

and/or Amtrak and/or National Railroad Passenger Corporation and/or Burlington Northern

Santa Fe Railway and/or E. Parkinson and/or the employees or other representatives of the

aforesaid entities, and Does 1-100, individually and/or in combination with each other, provided

safety precautions such as warning signs and/or barricades and/or proper fencing and/or repaired

and/or made safe roadway crossings at the railroad tracks and/or maintained a safe passage for

elementary school children, including Plaintiffs' decedent/Plaintiff DANIELLE ROMERO's

only child and Plaintiff FRANK D. RAMIREZ's child herein, this tragedy would not have

occurred.

As a result of the creation of a dangerous condition/dangerous conditions and/or negligent

actions/inactions, hereinabove described, by City of San Pablo, and/or West Contra Costa County

Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union

Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or

Burlington Northern Santa Fe Railway, and/or E. Parkinson, and/or the employees or other

representatives of the aforesaid entities, and Does 1-100, individually and/or in any combination

with each other, Plaintiff DANIELLE ROMERO suffered the loss of her only child, Ruben

Anthony Torres, and Plaintiff FRANK D. RAMIREZ suffered the loss of his child decedent

Ruben Torres and The Estate's decedent was caused fatal injuries and damages and each Plaintiff

sustained damages in excess of the limited economic jurisdiction of the Superior Court.

Plaintiffs' decedent was not killed instantly upon collision with the train and a survival action

arises and he and/or Plaintiffs suffered injuries and damages as a result of same.

20

JAN. 3. 2008  5:57PM   AMTRAK LAW DEPT HQ                    NO. 9199   P. 29/46
                                                             PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROMERO, et al. v. AMTRAK, et al. | |

<u>THIRD</u>          **CAUSE OF ACTION- General Negligence**    Page 20
(number)

ATTACHMENT TO [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)* :  DANIELLE ROMERO individually, RANDY CORDOVA as Personal Representative of the Estate of Ruben Torres,
                                 deceased, FRANK D. RAMIREZ (in pro per).

    alleges that defendant *(name)*:  CITY OF SAN PABLO, WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT, COUNTY OF
                                 CONTRA COSTA, STATE OF CALIFORNIA, UNION PACIFIC RAILROAD, AMTRAK, NATIONAL
                                 RAILROAD PASSENGER CORPORATION, BURLINGTON NORTHERN SANTA FE, E. PARKINSON, and

          [X] Does    1    to 100

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:   October 26, 2006
at *(place)*:    at or about Tara Hills Road, mile marker number 18, in or near the City of San Pablo, County of Contra Costa, State of California.

*(description of reasons for liability)* :
Plaintiff makes reference to all prior paragraphs (which includes all pages, causes of action and attachments of this
Complaint) of this Complaint, and incorporates them in this cause of action as though fully set forth herein.

SEE "GENERAL NEGLIGENCE ATTACHMENT".

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]     **CAUSE OF ACTION- General Negligence**     Code of Civil Procedure § 425.12
                                                                                        www.courtinfo.cv.gov

                                    MartinDean
                                    ESSENTIAL FORMS            DANIELLE ROMERO

## DANIELLE ROMERO, et al. v. AMTRAK, et al.
### Alameda County Superior Court, State of California

### GENERAL NEGLIGENCE ATTACHMENT

The area of the subject incident included, but was not limited to: Railroad tracks in the State of California in or near the City of San Pablo or in an unincorporated area of Contra Costa County at or about Tara Hills Road, mile marker number 18, near Montalvan Manor and near Seaview Elementary School and near the MonTeraBay Community Center, and ball fields, near the intersection of Birch Court and Cypress Avenue, and near the bay's edge hereinafter referred to as "the area", and/or "the subject area", and/or "aforesaid areas", and/or "afore-mentioned area", and/or "general area", and/or "afore-described area:". The train collision, itself, occurred at the railroad tracks at or about Tara Hills Road, mile marker number 18, in or near the City of San Pablo, County of Contra Costa, State of California in the afore-described area and plaintiffs' young minor son and The Estate's decedent, Ruben Torres, suffered fatal injuries after being struck by an Amtrak train.

Plaintiff DANIELLE ROMERO's only child, Plaintiff FRANK D. RAMIREZ's child and THE ESTATE's decedent, Ruben Torres, was an elementary school child when he was killed.

Wherever reference is made in this Complaint to "elementary school children" or "school children" or "children," or "child," Plaintiffs' decedent, Ruben Torres, is to be considered to be part of this reference, wherever stated in this Complaint.

Reference is made in this Complaint to "Plaintiff's decedent" or "Plaintiffs' decedent." Wherever such reference is made, it is to mean "Ruben Torres, the only child of Plaintiff DANIELLE ROMERO, a child of Plaintiff FRANK D. RAMIREZ and THE ESTATE's

21

decedent and shall be incorporated wherever such reference is made as though fully set forth therein.

The area where the incident occurred was an attractive nuisance to school children, including decedent, Ruben Torres, herein. Said attractive nuisance was actually and legally caused by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa; and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and Does 1-100, and was the actual and legal cause of decedent Ruben Torres's injuries and death. Such attractive nuisance was a dangerous condition.

The owners, and/or supervisors, and/or managers, and/or controllers, and/or lessors, and/or lessees, and/or agents and/or other representatives of the area are Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa; and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway and/or E. Parkinson, and Does 1-100. These Defendants had control, safety, supervisory, and/or managerial duties owed to Plaintiffs' decedent and/or the elementary school children playing in the subject area. The aforesaid defendants failed in their aforesaid duties to Plaintiff DANIELLE ROMERO and her only child, decedent Ruben Torres and FRANK D. RAMIREZ' child, decedent Ruben Torres. Such failure by the aforesaid Defendants was the actual and legal cause of the injuries and death of Plaintiffs' decedent and of the damages of Plaintiffs herein. Elementary school children in the area, including Plaintiffs' decedent, played in the area,

22

utilizing the ball fields and/or access the bay's shore and/or the grounds of Seaview Elementary
School and live in the area. These children, including Plaintiffs' decedent, would play, walk
and/or ride their bicycles in the afore-mentioned areas, and had to cross railroad tracks in the area
that put them in a dangerous situation due to dangerous condition(s), which were actually, and
legally caused by Defendants City of San Pablo, and/or West Contra Costa County Unified
School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific
Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington
Northern Santa Fe Railway and/or E. Parkinson, and the employees or other representatives of
the aforesaid entities and Does 1-100, individually and/or in any combination with each other.

     The dangerous condition or conditions included, but were not limited to, the barricading
of a bridge/trestle, disallowing school children to use their bikes on it to safely cross railroad
tracks and/or failure to fence property that the school children would access in the afore-
described areas, such as, but not limited to, fencing at the Seaview Elementary School and/or the
afore-described ball fields and/or failure to maintain fencing in the aforesaid areas and/or
surrounding the railroad tracks which allowed and invited children through and to those areas
which were close to the railroad tracks where the subject train collision incident occurred and/or
failure to maintain the roadway crossing the railroad tracks so as to prevent dangerous gaps
and/or holes on the roadway at or about the railroad track crossing which posed a dangerous
condition and hazard to children attempting to cross there, and, rather, forcing or enticing the
school children to go to other dangerous areas/ areas of dangerous condition(s) within the
aforesaid area of the railroad tracks in order to cross, which the school children may have
perceived and/or perceived to be less dangerous/hazardous than the road crossing where these

dangerous gaps and holes in the road existed and/or failing to place warning signs at and about

the place of the subject incident to dissuade elementary school children from crossing or

attempting to cross the railroad tracks except in a designated safe area and/or to warn of the risk

of death being near the tracks and/or failing to place barricades at or about the place of the

subject incident to prevent elementary school children, including Plaintiffs' decedent from

attempting to and/or crossing the tracks there and/or failing to operate trains at or below the

speed limit and/or failing to prevent trains from operating too fast for conditions—especially

knowing elementary school children were present and/or failing to slow trains to a very slow

speed and/or stop knowing elementary school children were crossing railroad tracks in the area,

including but not limited to the train that struck Plaintiffs' decedent and/or failing to post look-

outs and/or other safety personnel to ensure the safety of the children in crossing the tracks

and/or failing to place devices in the area to warn train operators of school children close to the

tracks as the trains entered the area and/or failing to communicate with each other – that is,

failing to communicate between City of San Pablo, and/or West Contra Costa County Unified

School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific

Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington

Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of

the aforesaid Defendants and Does 1-100, individually and/or in any combination with each other

of the dangerous condition(s) and of the young elementary school children in the area attempting

to and/or crossing the tracks – and/or failing to take action to make the area safe for those young

elementary school children to cross the railroad tracks in the area and/or failing to reduce the

speed limit for the trains passing through the area, and creating a general area which constituted a

dangerous condition for any single and/or any combination and/or all of the foregoing reason(s) to elementary school children playing in the area and/or attempting to and/or crossing the railroad tracks in the general area.

Additionally, Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of the aforesaid Defendants and Does 1-100, individually and/or in combination with each other, created "an attractive nuisance" to the children in the general area described hereinabove through the aforesaid Defendants aforedescribed actions and/or inactions causing dangerous condition(s) as described herein above, which actually and legally (proximately) caused the death of elementary school child/Plaintiffs' decedent Ruben Anthony Torres the only child of Plaintiff DANIELLE ROMERO and a child Plaintiff FRANK D. RAMIREZ.

Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson,  and the employees or other representatives of the aforesaid entities, and Does 1-100, individually and/or in combination with each other, knew (had actual notice) or should have known (constructive notice) that elementary school children were playing in the afore-described area and crossing the railroad tracks and/or attempting to cross the railroad tracks in and about the afore-described area and/or should have known of them doing so and/or had constructive notice of them doing so and Defendants City of San Pablo, and/or West Contra

25

Costa County Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe Railway, and/or E. Parkinson, and the employees or other representatives of the aforesaid entities and Does 1-100, individually and/or in combination with each other knew (had actual notice), and/or should have known, and/or had constructive notice that the dangerous condition(s) as described hereinabove existed on October 26, 2006 and for a long time prior to it. Even a cursory examination of the area by the aforesaid Defendants, their employees, agents or other representatives would have revealed the afore-described dangerous condition(s), and/or the children's presence in the area where the dangerous conditions existed, as heretofore described.

To the extent that the afore-described dangerous conditions were actually and legally (proximately) caused by the employee(s) and/or representatives of the Public Entities named herein, had those public entity employee(s) been private persons, the action and/or inaction of those Public employee(s) would constitute negligence. The dangerous conditions, individually and/or in combination with one another resulted in the more likely than not probability of grave harm and/or death coming to the school children, including Plaintiffs' decedent, playing in the afore-described areas and/or attempting to and/or crossing the railroad tracks in the areas, and, in fact, caused (legally and actually) the death of Plaintiffs' decedent, Plaintiff DANIELLE ROMERO's only child, elementary school child Ruben Torres, a child of Plaintiff FRANK D. RAMIREZ.

The afore-described dangerous condition and/or dangerous conditions created by Defendants City of San Pablo, and/or West Contra Costa County Unified School District, and/or

26

County of Contra Costa, and/or State of California, and/or Union Pacific Railroad, and/or

Amtrak, and/or National Railroad Passenger Corporation, and/or Burlington Northern Santa Fe

Railway, E. Parkinson, and the employees or other representatives of the aforesaid entities, and

Does 1-100, individually and/or in any combination with each other through their

actions/inactions and/or the actions/inactions of their employees or other representatives and

Does 1-100 actually and legally caused the injuries and death and damages of Plaintiffs'

decedent/Plaintiff DANIELLE ROMERO's only child/elementary school child Ruben Torres, a

child of Plaintiff FRANK D. RAMIREZ and the injuries and damages to the Plaintiffs named

herein.

Had Defendants City of San Pablo, and/or West Contra Costa County Unified School

District, and/or County of Contra Costa, and/or State of California and/or Union Pacific Railroad

and/or Amtrak and/or National Railroad Passenger Corporation and/or Burlington Northern

Santa Fe Railway and/or E. Parkinson and/or the employees or other representatives of the

aforesaid entities, and Does 1-100, individually and/or in combination with each other, provided

safety precautions such as warning signs and/or barricades and/or proper fencing and/or repaired

and/or made safe roadway crossings at the railroad tracks and/or maintained a safe passage for

elementary school children, including Plaintiffs' decedent/Plaintiff DANIELLE ROMERO's

only child and Plaintiff FRANK D. RAMIREZ's child herein, this tragedy would not have

occurred.

As a result of the creation of a dangerous condition/dangerous conditions and/or negligent

actions/inactions, hereinabove described, by City of San Pablo, and/or West Contra Costa County

Unified School District, and/or County of Contra Costa, and/or State of California, and/or Union

Pacific Railroad, and/or Amtrak, and/or National Railroad Passenger Corporation, and/or

Burlington Northern Santa Fe Railway, and/or E. Parkinson, and/or the employees or other

representatives of the aforesaid entities, and Does 1-100, individually and/or in any combination

with each other, Plaintiff DANIELLE ROMERO suffered the loss of her only child, Ruben

Anthony Torres, and Plaintiff FRANK D. RAMIREZ suffered the loss of his child decedent

Ruben Torres and The Estate's decedent was caused fatal injuries and damages and each Plaintiff

sustained damages in excess of the limited economic jurisdiction of the Superior Court.

Plaintiffs' decedent was not killed instantly upon collision with the train and a survival action

arises and he and/or Plaintiffs suffered injuries and damages as a result of same.

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROMERO, et al. v. AMTRAK, et al. | |

FOURTH ___ (number)          **CAUSE OF ACTION- Intentional Tort**          Page 29 ___

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: RANDY CORDOVA, as Personal Representative of the Estate of Ruben Torres, deceased

    alleges that defendant *(name)* :  NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, BURLINGTON NORTHERN SANTA FE
                        RAILWAY, UNION PACIFIC RAILROAD, E. PARKINSON, and

    ☒ Does   1 ___   to 100 ___

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on *(date)*: October 26, 2006
at *(place)*: At or about Terra Hills Road, mile marker number 18, in or near the City of San Pablo, County of Contra Costa,
    State of California.

*(description of reasons for liability):*
Plaintiff makes reference to all prior paragraphs (which include all pages, causes of action and attachemnts to
this Complaint) of this Complaint and incorporates them in this cause of action as though fully set forth herein,
except as to motor vehicle/train operation "negligence" allegations which would conflict with these intentional
action/tort allegations in this cause of action to allow the intentional actions/tort allegations to supercede such
conflicting negligence allegations.

Defendants NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, BURLINGTON NORTHERN
SANTA FE RAILWAY, UNION PACIFIC RAILROAD, E. PARKINSON, and DOES 1 TO 100 operated and/or
employed and/or owned managed and/or supervised and/or entrusted the subject train which struck Plaintiff
DANIELLE ROMERO's only child, a child of Plaintiff FRANK D. RAMIREZ, and THE ESTATE of Ruben
Torres's Decedent, by and through its Personal Representative, RANDY CORDOVA, Ruben Torres actually and
legally causing his death.  The acts of the aforesaid Defendants were malicious and/or oppressive pursuant to
Civil Code Section 3294 in that the train was operated intentionally at a much higher rate of speed than the
actual speed limit and/or the train involved in the subject incident when the subject incident occurred was
traveling in a grossly reckless manner and in great excess of the actual speed limit for the train or for the
conditions in the area, particularly knowing that elementary school children, including Plaintiff's decedent
would be crossing the railroad tracks.

Based on the operation of the train and the aforesaid manner, punitive damages and/or exemplary damages are
warranted by Civil Code Section 3294 and/or applicable case law, to be awarded to THE ESTATE of Ruben
Torres, deceased, by and through its Personal Representative, RANDY CORDOVA, in addition to the damages
shown/requested above in this Complaint.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CAUSE OF ACTION - Intentional Tort**

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

DANIELLE ROMERO

| SHORT TITLE: | | PLD-PI-001(6) |
|---|---|---|
| ROMERO, et al. v. AMTRAK, et al. | CASE NUMBER: | |

## Exemplary Damages Attachment

Page 30

ATTACHMENT TO  [X] Complaint  ☐ Cross-Complaint

EX-1.  As additional damages against defendant  *(name)*:

NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, BURLINGTON NORTHERN SANTA FE RAILWAY, UNION PACIFIC RAILROAD, E. PARKINSON, and DOES 1 TO 100.

Plaintiff alleges defendant was guilty of

[X] malice

☐ fraud

[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2.  The facts supporting plaintiff's claim are as follows:

Plaintiff makes reference to all prior paragraphs (which include all pages, causes of action and attachemnts to this Complaint) of this Complaint and incorporates them in this cause of action as though fully set forth herein, except as to motor vehicle/train operation "negligence" allegations which would conflict with these intentional action/tort allegations in this casue of action to allow the intentional actions/tort allegations to supercede such conflicting negligence allegations.

Defendants NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, BURLINGTON NORTHERN SANTA FE RAILWAY, UNION PACIFIC RAILROAD, E. PARKINSON, and DOES 1 TO 100 operated and/or employed and/or owned managed and/or supervised and/or entrusted the subject train which struck Plaintiff DANIELLE ROMERO's only child, a child of Plaintiff FRANK D. RAMIREZ, and THE ESTATE of Ruben Torres's Decedent, by and through its Personal Representative, RANDY CORDOVA, Ruben Torres actually and legally causing his death. The acts of the aforesaid Defendants were malicious and/or oppressive pursuant to Civil Code Section 3294 in that the train was operated intentionally at a much higher rate of speed than the actual speed limit and/or the train involved in the subject incident when the subject incident occurred was traveling in a grossly reckless manner and in great excess of the actual speed limit for the train or for the conditions in the area, particularly knowing that elementary school children, including Plaintiff's decedent would be crossing the railroad tracks.

Based on the operation of the train and the aforesaid manner, punitive damages and/or exemplary damages are warranted by Civil Code Section 3294 and/or applicable case law, to be awarded to THE ESTATE of Ruben Torres, deceased, by and through its Personal Representative, RANDY CORDOVA, in addition to the damages shown/requested above in this Complaint.

EX-3.  The amount of exemplary damages sought is

a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.

b. ☐ $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

ESSENTIAL FORMS™

Exemplary Damages Attachment

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

DANIELLE ROMERO

| SHORT TITLE: | CASE NUMBER: | PLD-PI-001(2) |
|---|---|---|
| ROMERO, et al. v. AMTRAK, et al. | | |

_____FIFTH_____                **CAUSE OF ACTION- General Negligence**        Page _31_____
      (number)                              **SURVIVAL ACTION**

ATTACHMENT TO [X] Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   RANDY CORDOVA as Personal Representative of the Estate of Ruben Torres, deceased

alleges that defendant *(name)*: CITY OF SAN PABLO, WEST CONTRA COSTA COUONTY UNIFIED SCHOOL
DISTRICT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, UNION
PACIFIC RAILROAD, AMTRAK, NATIONAL RAILROAD PASSENGER
CORPORATION, BURLINGTON NORTHERN SANTA FE, E. PARKINSON, and

           [X] Does  ___1___  to _100_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:   October 26, 2006
at *(place)*:   at or about Tara Hills Road, mile marker: number 18, in or near the City of San Pablo, County of Contra Costa, State of California.

*(description of reasons for liability)* :
Plaintiff makes reference to all prior pages, causes of action, and attachments of this Complaint and incorporates
them in this cause of action as though fully set forth herein.

1. On or about October 30, 2007, Plaintiff RANDY CORDOVA as personal representative of The Estate of
Ruben Torres, was issued temporary letters of Administration of The Estate of Ruben Torres, deceased, by the
Superior Court of California, County of Contra Costa.

2. RANDY CORDOVA is the personal representative of THE ESTATE of Ruben Torres, deceased, and in that
capacity is a Plaintiff herein.

3. Shortly after, but not immediately, being struck by the subject train, on October 26, 2006, decedent Ruben Torres
died, which occured after the foregoing cause of action arose in his favor, who would have been the Plaintiff in this
action if he had lived.

4. As an actual and legal (proximate) result of the aforedescribed action(s)/inaction(s) of the aforesaid defendants
mentioned in this Complaint, Plaintiff suffered injuries, decedent's death, and damages as hereinabove described and
made reference to and incorporated here as though fully set forth herein and, more particularly at paragraphs 11, 12
and 14 of Page 3 of this Complaint.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]     <br>
**CAUSE OF ACTION- General Negligence**
**SURVIVAL ACTION**                                              Page 1 of 1
Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

DANIELLE ROMERO

# EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Sta, number, and address)
Steve Brady, 116651
BRADY LAW GROUP
1015 Irwin St. Suite A
San Rafael, CA 94901
TELEPHONE NO.: (415) 459-7300
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of Alameda County
1225 Fallon St. #209
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Romero. et al.

DEFENDANT/RESPONDENT: Amtrak. et al.

**PROOF OF SERVICE OF SUMMONS**

|||||||||||| |||| ||||||||||||
*6161292*

# FILED
## ALAMEDA COUNTY

### JAN 0 2 2008

CLERK OF THE SUPERIOR COURT
By ___Sasha Perrif___
Deputy

CASE NUMBER:
RG07354993

Ref. No. or File No.:
romero

1. At the time of service I was a citizen of the United States. at least 18 years of age and not a party to this action.

2. I served copies of: Notice of Association of Counsel, Notice of Case Management Conference and Order , Summons, Complaint Notice of Judicial Assignment for All Purposes

3. a. Party served: County of Contra Costa

   b. Person Served: Emy Sharp, County Clerk - Person authorized to accept service of process

4. Address where the party was served: 651 Pine Street Room 106
   Martinez, CA 94553

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): December 28, 2007     (2) at (time): 2:50 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   County of Contra Costa

   under:     CCP 416.50 (public entity)

7. Person who served papers
   a. Name:          Clarence Randolph
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947
   c. Telephone number:   415-491-0606
   d. The fee for service was:  $ 44.00
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No. 822
          (iii) County ALAMEDA

BY FAX

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  December 31, 2007

Clarence Randolph
_(NAME OF PERSON WHO SERVED PAPERS)_                                      _(SIGNATURE)_

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev Jan 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

FF# 6654034

# EXHIBIT C

1  B. CLYDE HUTCHINSON, State Bar No. 037526
   bch@llcllp.com
2  JASON B. SHANE, State Bar No. 253908
   jshane@llcllp.com
3  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
4  1999 Harrison Street, Suite 2600
   Oakland, CA 94612-3541
5  Telephone:    (510) 433-2600
   Facsimile:    (510) 433-2699
6
   Attorneys for Defendants
7  NATIONAL RAILROAD PASSENGER
   CORPORATION, BNSF RAILWAY COMPANY,
8  UNION PACIFIC RAILROAD COMPANY, and
   ERIC PARKINSON
9

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF ALAMEDA

12  DANIELLE ROMERO, individually;            Case No.  RG07354993
    RANDY CORDOVA, as Personal
13  Representative of the Estate of Ruben      **ANSWER OF DEFENDANTS**
    Torres, deceased; FRANK D. RAMIREZ,       **NATIONAL RAILROAD PASSENGER**
14                                            **CORPORATION, BNSF RAILWAY**
                 Plaintiffs,                  **COMPANY, UNION PACIFIC RAILROAD**
15                                            **COMPANY AND ERIC PARKINSON**
         v.
16
    AMTRAK; NATIONAL RAILROAD
17  PASSENGER CORPORATION; UNION              Action Filed:  November 6, 2007
    PACIFIC RAILROAD; BURLINGTON
18  NORTHERN SANTA FE RAILWAY;
    CITY OF SAN PABLO; WEST CONTRA
19  COSTA COUNTY UNIFIED SCHOOL
    DISTRICT; COUNTY OF CONTRA
20  COSTA COUNTY; STATE OF
    CALIFORNIA; E. PARKINSON; and
21  DOES 1 through 100,

22                 Defendants.

23

24        Defendants National Railroad Passenger Corporation, also erroneously sued herein as

25  Amtrak, BNSF Railway Company, erroneously sued herein as Burlington Northern Santa Fe

26  Railway, Union Pacific Railroad Company, erroneously sued herein as Union Pacific Railroad,

27  and Eric Parkinson (hereinafter collectively "Defendants") answer Plaintiffs' unverified

28  Complaint as follows:

13249-36247 JBS 548343.1                        1                      Case No. RG07354993

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1.    Answering Plaintiffs' unverified Complaint, Defendants deny each and every allegation contained therein and denies that by reason of any act or omission by them, their agents, or independent contractors, Plaintiffs were injured or damaged in any sum, or at all.

**AFFIRMATIVE DEFENSES**

1.    As a first affirmative defense, Defendants allege that the Decedent's death was proximately caused and contributed to, in whole or in part, by his acts or omissions. Accordingly, Plaintiffs' recovery from Defendants, if any, should be reduced in proportion to the percentage of Decedent's negligence, legal responsibility, or proportion of fault.

2.    As a second affirmative defense, Defendants allege that the Decedent's death was proximately caused and contributed to, in whole or in part, by the negligence of Plaintiffs Danielle Romero and Frank D. Ramirez. Accordingly, Plaintiffs' recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiffs Danielle Romero and Frank D. Ramirez's negligence, legal responsibility, or proportion of fault.

3.    As a third affirmative defense, Defendants allege that Decedent's death and Plaintiffs' injuries were proximately caused and contributed to, in whole or in part, by the acts of third parties other than Defendants. The damages, if any, recoverable by Plaintiffs herein must be diminished in proportion to the fault attributable to said parties.

4.    As a fourth affirmative defense, Defendants allege that Decedent's death and Plaintiffs' injuries, if any, were proximately caused and contributed to, in whole or in part, by an intervening or superseding cause. The damages, if any, recoverable by Plaintiffs herein must be diminished in proportion to the fault attributable to said intervening or superseding cause.

5.    As a fifth affirmative defense, Defendants allege that some or all of Plaintiffs' claims are preempted by federal law.

6.    As a sixth affirmative defense, Defendants allege that Plaintiffs have failed to join an indispensable party.

7.    As a seventh affirmative defense, Defendants allege that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against these Defendants.

///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

ANSWER OF DEFS NAT'L RR PASS. CO., BNSF, UNION PACIFIC RR CO., AND ERIC PARKINSON

8.      Defendants hereby give notice that:

        a.      they intend to rely upon such other and further defenses as may become available or apparent during discovery in this case, and hereby reserve the right to amend their answer to assert any such defense; and

WHEREFORE, Defendants pray as follows:

1.      That Plaintiffs take nothing by reason of their Complaint, and that judgment be rendered in favor of Defendants National Railroad Passenger Corporation, also erroneously sued herein as Amtrak, BNSF Railway Company, erroneously sued herein as Burlington Northern Santa Fe Railway, Union Pacific Railroad Company, erroneously sued herein as Union Pacific Railroad, and Eric Parkinson, on all causes of action in the Complaint;

2.      That Defendants be awarded their attorneys' fees and costs of suit incurred in the defense of this action;

3.      For such other relief as the Court deems just and proper.

Dated: January 24, 2008                    LOMBARDI, LOPER & CONANT, LLP


                                           By: _____
                                               B. CLYDE HUTCHINSON
                                               Attorneys for Defendants
                                               NATIONAL RAILROAD PASSENGER
                                               CORPORATION, BNSF RAILWAY COMPANY,
                                               UNION PACIFIC RAILROAD COMPANY, and
                                               ERIC PARKINSON

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1

2

**PROOF OF SERVICE**
*Danielle Romero, et al. v. Amtrak, et al.*
Alameda County Superior Court No. RG07354993

3

I, Noelle Duncan, hereby declare:

4

5

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am employed in the county of Alameda; my business address is Lombardi, Loper & Conant, LLC, 1999 Harrison Street, Suite 2600, Oakland, CA 94612.

6

On January 24, 2008, I served the within:

7

8

**ANSWER OF DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION, BNSF RAILWAY COMPANY, UNION PACIFIC RAILROAD COMPANY AND ERIC PARKINSON**

9

10

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

11

Bennett R. Glen
Scranton Law Firm
2450 Stanwell Drive, Suite B
Concord, CA 94520

Telephone: (925) 602-2727
Facsimile: (925) 676-9999
*Attorneys for Plaintiffs*

12

13

14

Steven J. Brady
The Brady Law Group
1015 Irwin St., Suite A
San Rafael, CA 94901

Telephone: (415) 459-7300
Facsimile: (415) 459-7303
*Co-Counsel for Plaintiffs*

15

16

17

18

19

20

21

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

22

23

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

24

25

26

☒ **By Overnight Delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

27

28

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3600
TEL: 510/433-2600
FAX: 510/433-2699

1    leaving the documents at the party's residence with some person not less than 18 years of age between the
2    hours of eight in the morning and six in the evening.

3    ☐    **By Messenger Service:**  I served the documents by placing them in an envelope or package
      addressed to the persons at the addresses listed above and providing them to a professional messenger service
4    for service. *(A declaration by the messenger must accompany this Proof of Service.)*

5    ☐    **By E-Mail or Electronic Transmission:**  Based on a court order or an agreement of the parties
      to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-
6    mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic
      message or other indication that the transmission was unsuccessful.

7        I declare under penalty of perjury under the laws of the United States of America that the
8    foregoing is true and correct.

9        Executed on January 24, 2008, at Oakland, California.

10

11                                          _____
                                                         Noelle Duncan
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2600
FAX: 510/433-2699

13249-36247 JBS 548350.001              2              Case No. RG07354993

PROOF OF SERVICE

EXHIBIT D

1  B. CLYDE HUTCHINSON, State Bar No. 037526
    bch@llcllp.com
2  JASON B. SHANE, State Bar No. 253908
    jshane@llcllp.com
3  LOMBARDI, LOPER & CONANT, LLP
    Lake Merritt Plaza
4  1999 Harrison Street, Suite 2600
    Oakland, CA 94612-3541
5  Telephone:   (510) 433-2600
    Facsimile:   (510) 433-2699

6

7  Attorneys for Defendants
    NATIONAL RAILROAD PASSENGER
    CORPORATION, BNSF RAILWAY COMPANY,
8  UNION PACIFIC RAILROAD COMPANY, and
    ERIC PARKINSON

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 COUNTY OF ALAMEDA

| | |
|---|---|
| 12  DANIELLE ROMERO, individually; RANDY CORDOVA, as Personal<br>13  Representative of the Estate of Ruben Torres, deceased; FRANK D. RAMIREZ,<br>14 | Case No.  RG07354993<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S STATE NOTICE OF REMOVAL TO FEDERAL COURT** |
| 15           Plaintiffs, | |
| 16      v. | |
| 17  AMTRAK; NATIONAL RAILROAD PASSENGER CORPORATION; UNION<br>18  PACIFIC RAILROAD; BURLINGTON NORTHERN SANTA FE RAILWAY;<br>19  CITY OF SAN PABLO; WEST CONTRA COSTA COUNTY UNIFIED SCHOOL<br>20  DISTRICT; COUNTY OF CONTRA COSTA COUNTY; STATE OF<br>21  CALIFORNIA; E. PARKINSON; and DOES 1 through 100, | Action Filed:  November 6, 2007 |
| 22         Defendants. | |

23

24     TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

25       NOTICE IS HEREBY GIVEN that National Railroad Passenger Corporation, also

26  erroneously sued herein as Amtrak, Defendant in the above-captioned action, has filed a Notice of

27  Removal of the above-captioned action, a copy of which is attached hereto, with the United States

28  District Court for the Northern District of California.

*(left margin, vertical text)* LOMBARDI, LOPER & CONANT, LLP — Lake Merritt Plaza — 1999 Harrison Street, Suite 2600 — Oakland, CA 94612-3541

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446(b), the filing of

2  said Notice in the United States District Court, together with the filing of said Notice with this

3  Court, effects the removal of this action and the above-captioned Court may proceed no further

4  unless and until the case has been remanded.

5  Dated: January 24, 2008          LOMBARDI, LOPER & CONANT, LLP

6

7                                   By: _____

8                                        B. CLYDE HUTCHINSON
                                         Attorneys for Defendants
9                                   NATIONAL RAILROAD PASSENGER
                                    CORPORATION, BNSF RAILWAY COMPANY,
10                                  UNION PACIFIC RAILROAD COMPANY, and
                                         ERIC PARKINSON
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

DEFENDANT NAT'L RR PASS. CORP.'S NOTICE OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**
*Danielle Romero, et al. v. Amtrak, et al.*
Alameda County Superior Court No. RG07354993

I, Noelle Duncan, hereby declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am employed in the county of Alameda; my business address is Lombardi, Loper & Conant, LLC, 1999 Harrison Street, Suite 2600, Oakland, CA 94612.

On January 24, 2008, I served the within:

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
STATE NOTICE OF REMOVAL TO FEDERAL COURT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Bennett R. Glen
Scranton Law Firm
2450 Stanwell Drive, Suite B
Concord, CA 94520

Telephone: (925) 602-2727
Facsimile:  (925) 676-9999
*Attorneys for Plaintiffs*

Steven J. Brady
The Brady Law Group
1015 Irwin St., Suite A
San Rafael, CA 94901

Telephone: (415) 459-7300
Facsimile:  (415) 459-7303
*Co-Counsel for Plaintiffs*

☐ **By United States Mail:**  I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

☒ **By Overnight Delivery:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:**  I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2600
FAX: 510/433-2699

13249-36247 JBS 548350.001              1              Case No. RG07354993

PROOF OF SERVICE

1   leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

2

3   ☐   **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service.)*

4

5   ☐   **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

6

7   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8

9   Executed on January 24, 2008, at Oakland, California.

10

11                                    Noelle Duncan

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2800
FAX: 510/433-2899