THOMAS F. BERTRAND, State Bar No. 056560
MICHAEL C. WENZEL, State Bar No. 215388
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone:    (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendant
West Contra Costa Unified School District

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIELLE ROMERO, individually; RANDY CORDOVA, as Personal Representative of the Estate of Ruben Torres, deceased; FRANK D. RAMIREZ,<br><br>          Plaintiffs,<br><br>vs.<br><br>AMTRAK; NATIONAL RAILROAD PASSENGER CORPORATION; UNION PACIFIC RAILROAD; BURLINGTON NORTHERN SANTA FE RAILWAY; CITY OF SAN PABLO; WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT; STATE OF CALIFORNIA; E. PARKINSON and DOES 1 through 100,<br><br>          Defendants. | Case No.  C-08-00540 JL<br><br><br><br>**DEFENDANT WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT & DEMAND FOR JURY TRIAL** |

Defendant WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT hereby demands a jury trial in the above captioned matter and answer plaintiffs' complaint for damages filed November 17, 2007 as follows:

///

///

### ANSWER TO ALLEGATIONS ENTITLED
### "COMPLAINT"

Answering paragraph 1 to plaintiffs' form complaint, defendant admits that plaintiffs' complaint contains causes of action against the named defendants. The DISTRICT denies that it is responsible in any manner for the injuries or damages claimed by plaintiffs.

Answering paragraph 2 to plaintiffs' form complaint, defendant presently has no information or belief as to the status of plaintiffs as adults and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 3 to plaintiffs' form complaint, defendant presently has no information or belief as to the status of plaintiffs as adults and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 5 and attachment 5 to plaintiffs' form complaint, defendant admits that it is a school district. Defendant presently has no information or belief as to the status of other named defendants in this action and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 6 to plaintiffs' form complaint, defendant presently has no information or belief as to the status of doe defendants 1-100 and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 8 to plaintiffs' form complaint, defendant denies that it is a corporation and that its principal place of business is in the jurisdictional area of Alameda County, and further denies that Alameda County Superior Court is the proper court. Defendant presently has no information or belief as to the status or principal place of business of other named defendants in this action and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 9 to plaintiffs' form complaint, defendant admits that, as to answering defendant, plaintiffs are required to comply with applicable claim statutes. Defendant has no information or belief upon which it can admit or deny the remaining allegation contained therein and, on that basis, defendant denies the allegation.

1   Answering paragraph 10 to plaintiffs' form complaint, defendant admits only that the

2   listed causes of action are attached to plaintiffs' complaint.  Defendant has no information or

3   belief upon which it can admit or deny the remaining allegation contained therein and, on that

4   basis, defendant denies the allegation.

5   Answering paragraph 11 to plaintiffs' form complaint, defendant has no information or

6   belief upon which it can admit or deny that RANDY CORDOVA has suffered wage loss,

7   hospital and medical expenses, property damage, loss of earning capacity and other damage and,

8   on that basis, defendant denies the allegation.  Defendant denies the allegation that RANDY

9   CORDOVA is entitled to recovery of wage loss, hospital and medical expenses, property

10  damage, loss of earning capacity and other damage.

11  Answering paragraph 12 to plaintiffs' form complaint, defendant has no information or

12  belief upon which it can admit or deny the allegations contained therein and, on that basis,

13  defendant denies the allegations.

14  **ATTACHEMENT 12**

15  Answering Attachment 12 to plaintiffs' form complaint, as to paragraphs 1-7 of damages

16  claimed by DANIELLE ROMERO and paragraphs 1-7 of damages claimed by FRANK D.

17  RAMIREZ, defendant has no information or belief upon which it can admit or deny the

18  allegations contained therein and, on that basis, defendant denies the allegations, and further

19  denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

20  Answering paragraph 12.1 to plaintiffs' form complaint, defendant has no information or

21  belief upon which it can admit or deny the allegations contained therein and, on that basis,

22  defendant denies the allegations.

23  Answering paragraph 13 to plaintiffs' form complaint, defendant denies the allegation

24  contained within this paragraph.

25  Answering paragraph 13.1 to plaintiffs' form complaint, defendant has no information or

26  belief upon which it can admit or deny the allegation contained therein and, on that basis,

27  defendant denies the allegation.

28  Answering paragraph 14 to plaintiffs' form complaint, defendant admits only that

plaintiffs' prayer for relief seeks compensatory damages and punitive damages according to proof.

Answering paragraph 15.1 to plaintiffs' form complaint, defendant presently has no information or belief upon which it can admit or deny the allocation contained therein and, on this ground, denies the allegations contained within this paragraph.

## ANSWER TO ALLEGATIONS ENTITLED "MOTOR VEHICLE"

Answering paragraph MV-1 to plaintiffs' form complaint, defendant denies the allegation that acts of this answering defendant were "negligent" or the "legal (proximate) cause of injuries and damages to plaintiff". Answering defendant has no information or belief upon which it can admit or deny the remaining allegations contained therein and, on that basis, defendant denies the allegation.

Answering paragraph MV-2 to plaintiffs' form complaint, answering defendant denies the allegation contained in paragraph MV-2(e) that it was the agent or employee of the other defendants and acted within the scope of the agency. Answering defendant has no information or belief upon which it can admit or deny the remaining allegations contained therein and, on that basis, defendant denies the remaining allegations.

Answering the first and second sentences of the first unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, answering defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

Answering the second unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, answering defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

Answering the third unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, answering defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

1    Answering the fourth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form
2 complaint, answering defendant has no information or belief upon which it can admit or deny the
3 allegations contained therein and, on that basis, defendant denies the allegations.

4    Answering the fifth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form
5 complaint, answering defendant denies each and every allegation contained within this
6 paragraph.

7    Answering the sixth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form
8 complaint, answering denies each and every allegation contained in the first, second, third and
9 fourth sentences contained within this paragraph. Answering defendant has no information or
10 belief upon which it can admit or deny the allegations contained in the fifth sentence contained
11 within this paragraph and, on that basis, defendant denies the allegation. Answering defendant
12 has no information or belief upon which it can admit or deny the allegation in the sixth sentence
13 that "These children, including Plaintiffs' decedent, would play, walk and/or ride their bicycles
14 in the afore-mentioned areas" and, on that basis, denies this portion of the allegation. Answering
15 defendant denies each and every remaining allegation contained within the sixth sentence of this
16 paragraph.

17    Answering the seventh unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form
18 complaint, this answering defendant denies each and every allegation contained within this
19 paragraph, and further denies that a dangerous condition existed and denies that it is responsible
20 in any manner for the injuries or damages claimed by plaintiff.

21    Answering the eighth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form
22 complaint, this answering defendant denies each and every allegation contained within this
23 paragraph, and further denies that a dangerous condition existed and denies that it is responsible
24 in any manner for the injuries or damages claimed by plaintiff.

25    Answering the first sentence of the ninth unnumbered paragraph of Attachment MV-2(f)
26 to plaintiffs' form complaint, this answering defendant denies each and every allegation
27 contained within this paragraph, and further denies that a dangerous condition existed and denies
28 that it is responsible in any manner for the injuries or damages claimed by plaintiff. Answering

the second sentence of the ninth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first and second sentences of the tenth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the eleventh unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the twelfth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first sentence of the thirteenth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant has no information or belief upon which it can admit or deny the allegations that "Plaintiff DANIELLE ROMERO suffered the loss of her only child, Ruben Anthony Torres and the Estate's decedent was caused fatal injuries and" and, on that basis, defendant denies this allegation. This answering defendant denies each and every remaining allegation contained within this paragraph, and further denies that it or its employees were negligent, that a dangerous condition existed and that it is responsible in any manner for the injuries or damages claimed by plaintiff.

## ANSWER TO ALLEGATIONS ENTITLED "PREMISES LIABILITY"

Answering paragraph Prem. L-1 to plaintiffs' form complaint, defendant denies the

1   allegation that acts of this answering defendant were "negligent" or the "legal (proximate) cause

2   of injuries and damages to plaintiff". Answering defendant has no information or belief upon

3   which it can admit or deny the remaining allegations contained therein and, on that basis,

4   defendant denies the allegation.

5        Answering paragraph Prem. L-2 to plaintiffs' form complaint, defendant denies each and

6   every allegation contained within this paragraph, and further denies that it is responsible in any

7   manner for the injuries or damages claimed by plaintiff.

8        Answering paragraph Prem. L-4(a) and (b) to plaintiffs' form complaint, defendant

9   denies each and every allegation contained within this paragraph, and further denies that a

10   dangerous condition of public property existed and that it is responsible in any manner for the

11   injuries or damages claimed by plaintiff.

12        Answering paragraph Prem. L-5(a) and (b) to plaintiffs' form complaint, defendant

13   denies each and every allegation contained within this paragraph.

14        Answering the first and second sentences of the first unnumbered paragraph of

15   Attachment Prem. L-5(b) to plaintiffs' form complaint, answering defendant has no information

16   or belief upon which it can admit or deny the allegations contained therein and, on that basis,

17   defendant denies the allegations.

18        Answering the second unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

19   form complaint, answering defendant has no information or belief upon which it can admit or

20   deny the allegations contained therein and, on that basis, defendant denies the allegations.

21        Answering the third unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

22   form complaint, answering defendant has no information or belief upon which it can admit or

23   deny the allegations contained therein and, on that basis, defendant denies the allegations.

24        Answering the fourth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

25   form complaint, answering defendant has no information or belief upon which it can admit

26   deny the allegations contained therein and, on that basis, defendant denies the allegations.

27        Answering the fifth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

28   form complaint, answering defendant denies each and every allegation contained within this

1  paragraph.

2  Answering the sixth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

3  form complaint, answering denies each and every allegation contained in the first, second, third

4  and fourth sentences contained within this paragraph. Answering defendant has no information

5  or belief upon which it can admit or deny the allegations contained in the fifth sentence

6  contained within this paragraph and, on that basis, defendant denies the allegation. Answering

7  defendant has no information or belief upon which it can admit or deny the allegation in the sixth

8  sentence that "These children, including Plaintiffs' decedent, would play, walk and/or ride their

9  bicycles in the afore-mentioned areas", and on that basis denies this portion of the allegation.

10  Answering defendant denies each and every remaining allegation contained within the sixth

11  sentence of this paragraph.

12  Answering the seventh unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

13  form complaint, this answering defendant denies each and every allegation contained within this

14  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

15  in any manner for the injuries or damages claimed by plaintiff.

16  Answering the eighth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

17  form complaint, this answering defendant denies each and every allegation contained within this

18  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

19  in any manner for the injuries or damages claimed by plaintiff.

20  Answering the first sentence of the ninth unnumbered paragraph of Attachment Prem. L-

21  5(b) to plaintiffs' form complaint, this answering defendant denies each and every allegation

22  contained within this paragraph, and further denies that a dangerous condition existed and denies

23  that it is responsible in any manner for the injuries or damages claimed by plaintiff. Answering

24  the second sentence of the ninth unnumbered paragraph of Attachment MV-2(f) to plaintiffs'

25  form complaint, this answering defendant denies each and every allegation contained within this

26  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

27  in any manner for the injuries or damages claimed by plaintiff.

28  Answering the first and second sentences of the tenth unnumbered paragraph of

DEFENDANT WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT' S ANSWER TO PLAINTIFFS' COMPLAINT
& DEMAND FOR JURY TRIAL                                                                                    8

Attachment Prem. L-5(b) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the eleventh unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the twelfth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first sentence of the thirteenth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs' form complaint, this answering defendant has no information or belief upon which it can admit or deny the allegations that "Plaintiff DANIELLE ROMERO suffered the loss of her only child, Ruben Anthony Torres and the Estate's decedent was caused fatal injuries and" and, on that basis, defendant denies this allegation. This answering defendant denies each and every remaining allegation contained within this paragraph, and further denies that it or its employees were negligent, that a dangerous condition existed and that it is responsible in any manner for the injuries or damages claimed by plaintiff.

## ANSWER TO ALLEGATIONS ENTITLED "GENERAL NEGLIGENCE"

Answering paragraph GN-1 to plaintiffs' form complaint, defendant denies the allegation that acts of this answering defendant was "negligent" and that this defendant "caused the damage to plaintiff." Answering defendant has no information or belief upon which it can admit or deny the remaining allegations contained therein and, on that basis, defendant denies the allegation.

Answering the first and second sentences of the first unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, answering defendant has no

1    information or belief upon which it can admit or deny the allegations contained therein and, on

2    that basis, defendant denies the allegations.

3         Answering the second unnumbered paragraph of the General Negligence Attachment to

4    plaintiffs' form complaint, answering defendant has no information or belief upon which it can

5    admit or deny the allegations contained therein and, on that basis, defendant denies the

6    allegations.

7         Answering the third unnumbered paragraph of the General Negligence Attachment to

8    plaintiffs' form complaint, answering defendant has no information or belief upon which it can

9    admit or deny the allegations contained therein and, on that basis, defendant denies the

10   allegations.

11        Answering the fourth unnumbered paragraph of the General Negligence Attachment to

12   plaintiffs' form complaint, answering defendant has no information or belief upon which it can

13   admit or deny the allegations contained therein and, on that basis, defendant denies the

14   allegations.

15        Answering the fifth unnumbered paragraph of the General Negligence Attachment to

16   plaintiffs' form complaint, answering defendant denies each and every allegation contained

17   within this paragraph.

18        Answering the sixth unnumbered paragraph of the General Negligence Attachment to

19   plaintiffs' form complaint, answering denies each and every allegation contained in the first,

20   second, third and fourth sentences contained within this paragraph. Answering defendant has no

21   information or belief upon which it can admit or deny the allegations contained in the fifth

22   sentence contained within this paragraph and, on that basis, defendant denies the allegation.

23   Answering defendant has no information or belief upon which it can admit or deny the allegation

24   in the sixth sentence that "These children, including Plaintiffs' decedent, would play, walk

25   and/or ride their bicycles in the afore-mentioned areas", and on that basis denies this portion of

26   the allegation.   Answering defendant denies each and every remaining allegation contained

27   within the sixth sentence of this paragraph.

28        Answering the seventh unnumbered paragraph of the General Negligence Attachment to

DEFENDANT WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT' S ANSWER TO PLAINTIFFS'  COMPLAINT
& DEMAND FOR JURY TRIAL                                                                              10

plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the eighth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first sentence of the ninth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.  Answering the second sentence of the ninth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first and second sentences of the tenth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the eleventh unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the twelfth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first sentence of the thirteenth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, this answering defendant has no information or belief upon which it can admit or deny the allegations that "Plaintiff DANIELLE ROMERO suffered the loss of her only child, Ruben Anthony Torres and the Estate's decedent was caused fatal injuries and" and, on that basis, defendant denies this allegation. This answering defendant denies each and every remaining allegation contained within this paragraph, and further denies that it or its employees were negligent, that a dangerous condition existed and that it is responsible in any manner for the injuries or damages claimed by plaintiff.

## ANSWER TO ALLEGATIONS ENTITLED
## "INTENTIONAL TORT"

Answering all paragraphs of the Intentional Tort cause of action contained in plaintiffs' form complaint, answering defendant states that these allegations do not pertain to it, and therefore defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

## ANSWER TO ALLEGATIONS ENTITLED
## "EXEMPLARY DAMAGES"

Answering all paragraphs of the Exemplary Damages Attachment to plaintiffs' form complaint, answering defendant states that these allegations do not pertain to it, and therefore defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

## ANSWER TO ALLEGATIONS ENTITLED
## "GENERAL NEGLIGENCE – SURVIVAL ACTION"

Answering paragraph GN-1 to plaintiffs' form complaint, defendant denies the allegation that acts of this answering defendant was "negligent", that this defendant "was the legal or (proximate) cause of damages to plaintiff" and that this defendant "negligently caused damage to plaintiff." Answering defendant has no information or belief upon which it can admit or deny the remaining allegations contained therein and, on that basis, defendant denies the allegations.

Answering paragraph 1 of the General Negligence – Survival Cause of Action to plaintiffs' form complaint, answering defendant has no information or belief upon which it can

1  admit or deny the allegations contained therein and, on that basis, defendant denies the

2  allegations.

3      Answering paragraph 2 of the General Negligence – Survival Cause of Action to

4  plaintiffs' form complaint, answering defendant has no information or belief upon which it can

5  admit or deny the allegations contained therein and, on that basis, defendant denies the

6  allegations.

7      Answering paragraph 3 of the General Negligence – Survival Cause of Action to

8  plaintiffs' form complaint, answering defendant has no information or belief upon which it can

9  admit or deny the allegations contained therein and, on that basis, defendant denies the

10  allegations.

11      Answering paragraph 4 of the General Negligence – Survival Cause of Action to

12  plaintiffs' form complaint, answering defendant denies the allegations, and further denies that it

13  is responsible in any manner for the injuries or damages claimed by plaintiff.

14  <center>**AFFIRMATIVE DEFENSES**</center>

15  <center>**FIRST AFFIRMATIVE DEFENSE**</center>

16      Plaintiffs' complaint, and each cause of action therein, fails to state facts sufficient to

17  constitute a cause of action against this answering defendant.

18  <center>**SECOND AFFIRMATIVE DEFENSE**</center>

19      The employees, officers and agents of defendant DISTRICT were at all times material

20  hereto acting with both subjective and objective good faith, such that any claim for relief that

21  plaintiff may have is barred by law.

22  <center>**THIRD AFFIRMATIVE DEFENSE**</center>

23      Plaintiffs and decedent were careless and negligent in and about the matters alleged in

24  said complaint and said carelessness and negligence on their part proximately and concurrently

25  contributed to their injuries and damages, if any there were.

26  <center>**FOURTH AFFIRMATIVE DEFENSE**</center>

27      Plaintiffs and decedent failed and neglected to use reasonable care to protect themselves

28  and to minimize the losses and damages complained of, if any there were.

### FIFTH AFFIRMATIVE DEFENSE

The losses and damages complained of by plaintiffs were caused by the negligent acts or omissions of persons or entities other than this answering defendant, which negligence either is imputed to them or comparatively reduces the negligence and liability, if any exists, of this answering defendant.

### SIXTH AFFIRMATIVE DEFENSE

The fault of persons or entities other than this defendant contributed to and proximately caused the occurrence described in the complaint filed herein; and, under the principles formulated in the case of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, this defendant is entitled to have the percentage of such contribution established by special verdict or other procedure, such that this defendant's ultimate liability is reduced to the extent of such contribution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as this answering defendant, as well as Government Code Sections 945.4 and 945.6 and related sections thereof.

### EIGHTH AFFIRMATIVE DEFENSE

This answering defendant alleges the provisions of the Public Liability Act of the California Government Code as a measure of its legal duties, if any, in this action.

### NINTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Sections 815 and 815.2 in that its employees are immune from liability and/or the acts and omissions complained of would not give rise to a cause of action against it or said employees.

### TENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Section 815.6 in that it exercised reasonable diligence at all times referred to in plaintiffs' complaint.

///

DEFENDANT WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT' S ANSWER TO PLAINTIFFS' COMPLAINT & DEMAND FOR JURY TRIAL                                                14

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to Government Code Section 820.2 in that the acts, omissions and conduct complained of by plaintiffs were the result of the exercise of discretion vested in its employees.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to Government Code Section 820.8 in that the acts and omissions of persons other than its employees caused the injuries alleged by plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability in that the alleged dangerous condition did not exist upon public property owned or controlled by defendant within the meaning of Government Code Sections 830 and 830 (c).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to Government Code Section 830.2 in that the conditions of which plaintiff complains are of such a minor, trivial and insignificant nature that it cannot reasonably be concluded that a substantial risk of injury was created.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The conditions complained of in plaintiff's complaint herein are not, and were not, a dangerous condition of public property within the meaning of Sections 830 and 830.2 of the California Government Code and did not create a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to Government Code Section 830.6 in that the conditions complained of constituted an approved design within the meaning of said statute.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to Government Code Sections 835, 835.2, 840.2 and 840.4 in that defendant and its employees neither created nor had actual or

1  constructive notice of the defects of which plaintiffs complain, the conditions of property

2  complained of did not create a substantial risk of injury to foreseeable users who employed due

3  care, and the cost of operating and maintaining inspection systems that would have discovered

4  the alleged defects would have been unreasonably expensive and impractical in relation to the

5  risk involved.

### EIGHTEENTH AFFIRMATIVE DEFENSE

7  Defendant is immune from liability pursuant to Government Code Sections 835.4 and

8  840.6 in that the acts and/or omissions, if any, creating the dangerous conditions alleged by

9  plaintiffs were reasonable within the meaning of said statutes.

### NINETEENTH AFFIRMATIVE DEFENSE

11  Defendant is immune from liability pursuant to Government Code Section 840 in that the

12  conditions complained of by plaintiffs existed because of acts and/or omissions of defendant's

13  employees acting within the scope of their employment for which no liability is imposed under

14  relevant statutes.

### TWENTIETH AFFIRMATIVE DEFENSE

16  Defendant and its employees are immune from liability pursuant to Government Code

17  Sections 818.6 and 821.4 for injuries caused by their alleged failure to inspect or by an

18  inadequate or negligent inspection, if any there was.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

20  Defendant is immune from liability pursuant to Government Code Section 831 for any

21  injuries or damages caused by weather conditions, including but not limited to sun, sunlight, sun

22  glare and any such related conditions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

24  Defendant is immune from liability pursuant to Government Code Sections 818.2 and

25  821 for any alleged failure on its part, or on its employees' part, to adopt or not adopt any

26  enactment, or for any alleged failure to enforce any law or ordinance.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

28  Defendant and its employees are immune from liability pursuant to Government Code

Section 818.4 and 821.2 for any injuries or damages caused by their alleged issuance, denial, suspension or revocation of, or by their alleged failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or authorization.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant and its employees are immune from liability pursuant to Government Code Sections 820.4 and 820.6 for the execution and enforcement of any law or for acting under the apparent authority of any enactment, law, ordinance or regulation that is unconstitutional, invalid or inapplicable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Section 830.5 in that the happening of the subject accident, and alleged action taken by the CITY after the accident, do not constitute evidence of a dangerous condition of its public property.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' second cause of action for premises liability fails to state a cause of action against this answering public entity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that plaintiffs have failed to take care and action to mitigate their damages, if any, and have allowed further damages, if any, to occur, and to that extent are each prohibited from recovery of such damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that answering defendant is immune from liability for punitive damages pursuant to the provisions of Government Code Section 818.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that it is not liable for

1 | an award of prejudgment interest pursuant to Civil Code Section 3291.

2 | ### THIRTIETH AFFIRMATIVE DEFENSE

3 |  Further answering the complaint and the separate causes of action thereof, and as a

4 | further, separate and distinct affirmative defense thereto, defendant alleges that plaintiffs have

5 | waived their claims, and their claims, and their claims are wholly or partially barred under the

6 | doctrines of laches, waiver and/or estoppel.

7 | ### THIRTY-FIRST AFFIRMATIVE DEFENSE

8 |  Further answering the complaint and the separate causes of action thereof, and as a

9 | further, separate and distinct affirmative defense thereto, defendant denies that it breached any

10 | duty allegedly owed to plaintiffs.

11 | ### THIRTY-SECOND AFFIRMATIVE DEFENSE

12 |  Further answering the complaint and the separate causes of action thereof, and as a

13 | further, separate and distinct affirmative defense thereto, defendant alleges that it is not liable

14 | pursuant to Government Code Section 815.6 because the District was not under a mandatory

15 | duty to act, and, if it was, it is immune for exercise of any mandatory duty when reasonable

16 | diligence was used in discharging that duty.

17 | ### THIRTY-THIRD AFFIRMATIVE DEFENSE

18 |  Further answering the complaint and the separate causes of action thereof, and as a

19 | further, separate and distinct affirmative defense thereto, defendant alleges that answering

20 | defendant and its employees are immune from civil liability pursuant to the provisions of

21 | Government Code Section 830.4.

22 | ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

23 |  Further answering the complaint and the separate causes of action thereof, and as a

24 | further, separate and distinct affirmative defense thereto, defendant alleges that answering

25 | defendant and its employees are immune from civil liability pursuant to the provisions of

26 | Government Code Section 830.5.

27 | ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

28 |  Further answering the complaint and the separate causes of action thereof, and as a

1   further, separate and distinct affirmative defense thereto, said defendant alleges that answering

2   defendant and its employees are immune from civil liability pursuant to the provisions of

3   Government Code Section 830.6.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

5   Further answering the complaint and the separate causes of action thereof, and as a

6   further, separate and distinct affirmative defense thereto, defendant alleges that answering

7   defendant and its employees are immune from civil liability pursuant to the provisions of

8   Government Code Section 830.8.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

10   Further answering the complaint and the separate causes of action thereof, and as a

11   further, separate and distinct affirmative defense thereto, defendant alleges that answering

12   defendant and its employees are immune from civil liability pursuant to the provisions of

13   Government Code Section 831.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

15   Further answering the complaint and the separate causes of action thereof, and as a

16   further, separate and distinct affirmative defense thereto, defendant alleges that answering

17   defendant and its employees are immune from civil liability pursuant to the provisions of

18   Government Code Section 831.2.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

20   Further answering the complaint and the separate causes of action thereof, and as a

21   further, separate and distinct affirmative defense thereto, defendant alleges that answering

22   defendant and its employees are immune from civil liability pursuant to the provisions of

23   Government Code Section 831.4.

### FORTIETH AFFIRMATIVE DEFENSE

25   Further answering the complaint and the separate causes of action thereof, and as a

26   further, separate and distinct affirmative defense thereto, defendant alleges that answering

27   defendant and its employees are immune from civil liability pursuant to the provisions of

28   Government Code Section 831.7.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that it is immune pursuant to Civil Code section 846.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that it is immune from suit pursuant to the immunities and defenses contained in Government Code Sections 810 through 895.8.

WHEREFORE, defendant DISTRICT prays for judgment against plaintiffs as follows:

1.   That plaintiffs take nothing under their complaint;

2.   For costs of suit incurred herein; and,

3.   For such other and further relief as the Court deems proper.

Dated: February 1, 2008                    BERTRAND, FOX & ELLIOT

                                           By: _____
                                           Thomas F. Bertrand
                                           Michael C. Wenzel
                                           Attorneys for Defendant WEST CONTRA COSTA
                                           UNIFIED SCHOOL DISTRICT

1   I, K. A. Adams declare that:

2       I am employed in the County of San Francisco, California; I am over the age of eighteen years

3   and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco,

4   California 94109.

5       I am readily familiar with the practice of Bertrand, Fox, & Elliot for the processing of

6   correspondence, said practice being that in the ordinary course of business, correspondence is

7   deposited in the United States Postal Service the same day as it is placed for processing.

8       On February 1, 2008, I served the following document(s):

9   **DEFENDANT WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT & DEMAND FOR JURY TRIAL**

10

11  in said cause, on the following interested parties:

12

13  Peter Edrington                          Emy Sharp
    Edrington, Schirmer & Murphy             County Clerk
    The Terraces                             County of Contra Costa
14  2300 Contra Costa Blvd., Ste. 450        651 Pine St., Room 106
15  Pleasant Hill, CA 94523                  Martinez, CA 94553

16  Bruce A. Berhren
    David Gossage
17  Karl H. Schmidt                          Monika Lynn Cooper, Esq.
                                             Office of the County Counsel
18  595 Market Street, Ste. 1700             651 Pine St. 9th Floor
    San Francisco, CA 94120                  Martinez, CA 94553-1229
19      Said service was performed in the following manner:

20  **( x )   BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope
21  addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and
    mailing at San Francisco, California, following the above-stated business practice, on this date.
22
        I declare under penalty of perjury under the laws of the State of California that the
23  foregoing is true and correct. Executed February 1, 2008, at San Francisco, California.

24

25

26                                          K. A. Adams

27

28

1

PROOF OF SERVICE