1   THOMAS F. BERTRAND, State Bar No. 056560
    MICHAEL C. WENZEL, State Bar No. 215388
2   BERTRAND, FOX & ELLIOT
    The Waterfront Building
3   2749 Hyde Street
    San Francisco, CA 94109
4   Telephone:     (415) 353-0999
    Facsimile:     (415) 353-0990
5
    Attorneys for Defendant
6   West Contra Costa Unified School District

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10
    DANIELLE ROMERO, individually; RANDY        Case No.  C-08-00540 JL
11  CORDOVA, as Personal Representative of the
    Estate of Ruben Torres, deceased; FRANK D.
12  RAMIREZ,

13
            Plaintiffs,
14
    vs.                                         **DEFENDANT WEST CONTRA
15                                              COSTA UNIFIED SCHOOL
    AMTRAK; NATIONAL RAILROAD                   DISTRICT'S FIRST AMENDED
16  PASSENGER CORPORATION; UNION                ANSWER TO PLAINTIFFS'
    PACIFIC RAILROAD; BURLINGTON                COMPLAINT & DEMAND FOR JURY
17  NORTHERN SANTA FE RAILWAY; CITY             TRIAL**
    OF SAN PABLO; WEST CONTRA COSTA
18  UNIFIED SCHOOL DISTRICT; STATE OF
    CALIFORNIA; E. PARKINSON and DOES 1
19  through 100,

20
            Defendants.
21

22

23

24          Defendant WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT hereby demands a

25  jury trial in the above captioned matter and answer plaintiffs' complaint for damages filed

26  November 17, 2007 as follows:

27  ///

28  ///

## ANSWER TO ALLEGATIONS ENTITLED
## "COMPLAINT"

Answering paragraph 1 to plaintiffs' form complaint, defendant admits that plaintiffs' complaint contains causes of action against the named defendants. The DISTRICT denies that it is responsible in any manner for the injuries or damages claimed by plaintiffs.

Answering paragraph 2 to plaintiffs' form complaint, defendant presently has no information or belief as to the status of plaintiffs as adults and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 3 to plaintiffs' form complaint, defendant presently has no information or belief as to the status of plaintiffs as adults and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 5 and attachment 5 to plaintiffs' form complaint, defendant admits that it is a school district. Defendant presently has no information or belief as to the status of other named defendants in this action and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 6 to plaintiffs' form complaint, defendant presently has no information or belief as to the status of doe defendants 1-100 and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 8 to plaintiffs' form complaint, defendant denies that it is a corporation and that its principal place of business is in the jurisdictional area of Alameda County, and further denies that Alameda County Superior Court is the proper court. Defendant presently has no information or belief as to the status or principal place of business of other named defendants in this action and, on this ground, denies the allegations contained within this paragraph.

Answering paragraph 9 to plaintiffs' form complaint, defendant admits that, as to answering defendant, plaintiffs are required to comply with applicable claim statutes. Defendant has no information or belief upon which it can admit or deny the remaining allegation contained therein and, on that basis, defendant denies the allegation.

1    Answering paragraph 10 to plaintiffs' form complaint, defendant admits only that the

2    listed causes of action are attached to plaintiffs' complaint. Defendant has no information or

3    belief upon which it can admit or deny the remaining allegation contained therein and, on that

4    basis, defendant denies the allegation.

5    Answering paragraph 11 to plaintiffs' form complaint, defendant has no information or

6    belief upon which it can admit or deny that RANDY CORDOVA has suffered wage loss,

7    hospital and medical expenses, property damage, loss of earning capacity and other damage and,

8    on that basis, defendant denies the allegation. Defendant denies the allegation that RANDY

9    CORDOVA is entitled to recovery of wage loss, hospital and medical expenses, property

10   damage, loss of earning capacity and other damage.

11   Answering paragraph 12 to plaintiffs' form complaint, defendant has no information or

12   belief upon which it can admit or deny the allegations contained therein and, on that basis,

13   defendant denies the allegations.

14   **ATTACHEMENT 12**

15   Answering Attachment 12 to plaintiffs' form complaint, as to paragraphs 1-7 of damages

16   claimed by DANIELLE ROMERO and paragraphs 1-7 of damages claimed by FRANK D.

17   RAMIREZ, defendant has no information or belief upon which it can admit or deny the

18   allegations contained therein and, on that basis, defendant denies the allegations, and further

19   denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

20   Answering paragraph 12.1 to plaintiffs' form complaint, defendant has no information or

21   belief upon which it can admit or deny the allegations contained therein and, on that basis,

22   defendant denies the allegations.

23   Answering paragraph 13 to plaintiffs' form complaint, defendant denies the allegation

24   contained within this paragraph.

25   Answering paragraph 13.1 to plaintiffs' form complaint, defendant has no information or

26   belief upon which it can admit or deny the allegation contained therein and, on that basis,

27   defendant denies the allegation.

28   Answering paragraph 14 to plaintiffs' form complaint, defendant admits only that

1  plaintiffs' prayer for relief seeks compensatory damages and punitive damages according to

2  proof.

3      Answering paragraph 15.1 to plaintiffs' form complaint, defendant presently has no

4  information or belief upon which it can admit or deny the allocation contained therein and, on

5  this ground, denies the allegations contained within this paragraph.

## ANSWER TO ALLEGATIONS ENTITLED
## "MOTOR VEHICLE"

9      Answering paragraph MV-1 to plaintiffs' form complaint, defendant denies the allegation

10  that acts of this answering defendant were "negligent" or the "legal (proximate) cause of injuries

11  and damages to plaintiff". Answering defendant has no information or belief upon which it can

12  admit or deny the remaining allegations contained therein and, on that basis, defendant denies the

13  allegation.

14      Answering paragraph MV-2 to plaintiffs' form complaint, answering defendant denies

15  the allegation contained in paragraph MV-2(e) that it was the agent or employee of the other

16  defendants and acted within the scope of the agency. Answering defendant has no information

17  or belief upon which it can admit or deny the remaining allegations contained therein and, on

18  that basis, defendant denies the remaining allegations.

19      Answering the first and second sentences of the first unnumbered paragraph of

20  Attachment MV-2(f) to plaintiffs' form complaint, answering defendant has no information or

21  belief upon which it can admit or deny the allegations contained therein and, on that basis,

22  defendant denies the allegations.

23      Answering the second unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form

24  complaint, answering defendant has no information or belief upon which it can admit or deny the

25  allegations contained therein and, on that basis, defendant denies the allegations.

26      Answering the third unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form

27  complaint, answering defendant has no information or belief upon which it can admit or deny the

28  allegations contained therein and, on that basis, defendant denies the allegations.

1    Answering the fourth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form

2  complaint, answering defendant has no information or belief upon which it can admit or deny the

3  allegations contained therein and, on that basis, defendant denies the allegations.

4    Answering the fifth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form

5  complaint, answering defendant denies each and every allegation contained within this

6  paragraph.

7    Answering the sixth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form

8  complaint, answering denies each and every allegation contained in the first, second, third and

9  fourth sentences contained within this paragraph. Answering defendant has no information or

10  belief upon which it can admit or deny the allegations contained in the fifth sentence contained

11  within this paragraph and, on that basis, defendant denies the allegation.  Answering defendant

12  has no information or belief upon which it can admit or deny the allegation in the sixth sentence

13  that "These children, including Plaintiffs' decedent, would play, walk and/or ride their bicycles

14  in the afore-mentioned areas" and, on that basis, denies this portion of the allegation.  Answering

15  defendant denies each and every remaining allegation contained within the sixth sentence of this

16  paragraph.

17    Answering the seventh unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form

18  complaint, this answering defendant denies each and every allegation contained within this

19  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

20  in any manner for the injuries or damages claimed by plaintiff.

21    Answering the eighth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form

22  complaint, this answering defendant denies each and every allegation contained within this

23  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

24  in any manner for the injuries or damages claimed by plaintiff.

25    Answering the first sentence of the ninth unnumbered paragraph of Attachment MV-2(f)

26  to plaintiffs' form complaint, this answering defendant denies each and every allegation

27  contained within this paragraph, and further denies that a dangerous condition existed and denies

28  that it is responsible in any manner for the injuries or damages claimed by plaintiff.  Answering

the second sentence of the ninth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first and second sentences of the tenth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the eleventh unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that a dangerous condition existed and denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the twelfth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation contained within this paragraph, and further denies that it is responsible in any manner for the injuries or damages claimed by plaintiff.

Answering the first sentence of the thirteenth unnumbered paragraph of Attachment MV-2(f) to plaintiffs' form complaint, this answering defendant has no information or belief upon which it can admit or deny the allegations that "Plaintiff DANIELLE ROMERO suffered the loss of her only child, Ruben Anthony Torres and the Estate's decedent was caused fatal injuries and" and, on that basis, defendant denies this allegation. This answering defendant denies each and every remaining allegation contained within this paragraph, and further denies that it or its employees were negligent, that a dangerous condition existed and that it is responsible in any manner for the injuries or damages claimed by plaintiff.

## ANSWER TO ALLEGATIONS ENTITLED "PREMISES LIABILITY"

Answering paragraph Prem. L-1 to plaintiffs' form complaint, defendant denies the

1  allegation that acts of this answering defendant were "negligent" or the "legal (proximate) cause

2  of injuries and damages to plaintiff". Answering defendant has no information or belief upon

3  which it can admit or deny the remaining allegations contained therein and, on that basis,

4  defendant denies the allegation.

5       Answering paragraph Prem. L-2 to plaintiffs' form complaint, defendant denies each and

6  every allegation contained within this paragraph, and further denies that it is responsible in any

7  manner for the injuries or damages claimed by plaintiff.

8       Answering paragraph Prem. L-4(a) and (b) to plaintiffs' form complaint, defendant

9  denies each and every allegation contained within this paragraph, and further denies that a

10  dangerous condition of public property existed and that it is responsible in any manner for the

11  injuries or damages claimed by plaintiff.

12      Answering paragraph Prem. L-5(a) and (b) to plaintiffs' form complaint, defendant

13  denies each and every allegation contained within this paragraph.

14      Answering the first and second sentences of the first unnumbered paragraph of

15  Attachment Prem. L-5(b) to plaintiffs' form complaint, answering defendant has no information

16  or belief upon which it can admit or deny the allegations contained therein and, on that basis,

17  defendant denies the allegations.

18      Answering the second unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

19  form complaint, answering defendant has no information or belief upon which it can admit or

20  deny the allegations contained therein and, on that basis, defendant denies the allegations.

21      Answering the third unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

22  form complaint, answering defendant has no information or belief upon which it can admit or

23  deny the allegations contained therein and, on that basis, defendant denies the allegations.

24      Answering the fourth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

25  form complaint, answering defendant has no information or belief upon which it can admit or

26  deny the allegations contained therein and, on that basis, defendant denies the allegations.

27      Answering the fifth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

28  form complaint, answering defendant denies each and every allegation contained within this

1  paragraph.

2      Answering the sixth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

3  form complaint, answering denies each and every allegation contained in the first, second, third

4  and fourth sentences contained within this paragraph. Answering defendant has no information

5  or belief upon which it can admit or deny the allegations contained in the fifth sentence

6  contained within this paragraph and, on that basis, defendant denies the allegation. Answering

7  defendant has no information or belief upon which it can admit or deny the allegation in the sixth

8  sentence that "These children, including Plaintiffs' decedent, would play, walk and/or ride their

9  bicycles in the afore-mentioned areas", and on that basis denies this portion of the allegation.

10  Answering defendant denies each and every remaining allegation contained within the sixth

11  sentence of this paragraph.

12      Answering the seventh unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

13  form complaint, this answering defendant denies each and every allegation contained within this

14  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

15  in any manner for the injuries or damages claimed by plaintiff.

16      Answering the eighth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'

17  form complaint, this answering defendant denies each and every allegation contained within this

18  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

19  in any manner for the injuries or damages claimed by plaintiff.

20      Answering the first sentence of the ninth unnumbered paragraph of Attachment Prem. L-

21  5(b) to plaintiffs' form complaint, this answering defendant denies each and every allegation

22  contained within this paragraph, and further denies that a dangerous condition existed and denies

23  that it is responsible in any manner for the injuries or damages claimed by plaintiff. Answering

24  the second sentence of the ninth unnumbered paragraph of Attachment MV-2(f) to plaintiffs'

25  form complaint, this answering defendant denies each and every allegation contained within this

26  paragraph, and further denies that a dangerous condition existed and denies that it is responsible

27  in any manner for the injuries or damages claimed by plaintiff.

28      Answering the first and second sentences of the tenth unnumbered paragraph of

1    Attachment Prem. L-5(b) to plaintiffs' form complaint, this answering defendant denies each and
2    every allegation contained within this paragraph, and further denies that a dangerous condition
3    existed and denies that it is responsible in any manner for the injuries or damages claimed by
4    plaintiff.

5        Answering the eleventh unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'
6    form complaint, this answering defendant denies each and every allegation contained within this
7    paragraph, and further denies that a dangerous condition existed and denies that it is responsible
8    in any manner for the injuries or damages claimed by plaintiff.

9        Answering the twelfth unnumbered paragraph of Attachment Prem. L-5(b) to plaintiffs'
10   form complaint, this answering defendant denies each and every allegation contained within this
11   paragraph, and further denies that it is responsible in any manner for the injuries or damages
12   claimed by plaintiff.

13       Answering the first sentence of the thirteenth unnumbered paragraph of Attachment
14   Prem. L-5(b) to plaintiffs' form complaint, this answering defendant has no information or belief
15   upon which it can admit or deny the allegations that "Plaintiff DANIELLE ROMERO suffered
16   the loss of her only child, Ruben Anthony Torres and the Estate's decedent was caused fatal
17   injuries and" and, on that basis, defendant denies this allegation. This answering defendant
18   denies each and every remaining allegation contained within this paragraph, and further denies
19   that it or its employees were negligent, that a dangerous condition existed and that it is
20   responsible in any manner for the injuries or damages claimed by plaintiff.

## ANSWER TO ALLEGATIONS ENTITLED "GENERAL NEGLIGENCE"

23       Answering paragraph GN-1 to plaintiffs' form complaint, defendant denies the allegation
24   that acts of this answering defendant was "negligent" and that this defendant "caused the damage
25   to plaintiff." Answering defendant has no information or belief upon which it can admit or deny
26   the remaining allegations contained therein and, on that basis, defendant denies the allegation.

27       Answering the first and second sentences of the first unnumbered paragraph of the
28   General Negligence Attachment to plaintiffs' form complaint, answering defendant has no

information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

Answering the second unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, answering defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

Answering the third unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, answering defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

Answering the fourth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, answering defendant has no information or belief upon which it can admit or deny the allegations contained therein and, on that basis, defendant denies the allegations.

Answering the fifth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, answering defendant denies each and every allegation contained within this paragraph.

Answering the sixth unnumbered paragraph of the General Negligence Attachment to plaintiffs' form complaint, answering denies each and every allegation contained in the first, second, third and fourth sentences contained within this paragraph. Answering defendant has no information or belief upon which it can admit or deny the allegations contained in the fifth sentence contained within this paragraph and, on that basis, defendant denies the allegation. Answering defendant has no information or belief upon which it can admit or deny the allegation in the sixth sentence that "These children, including Plaintiffs' decedent, would play, walk and/or ride their bicycles in the afore-mentioned areas", and on that basis denies this portion of the allegation.   Answering defendant denies each and every remaining allegation contained within the sixth sentence of this paragraph.

Answering the seventh unnumbered paragraph of the General Negligence Attachment to

1  plaintiffs' form complaint, this answering defendant denies each and every allegation contained
2  within this paragraph, and further denies that a dangerous condition existed and denies that it is
3  responsible in any manner for the injuries or damages claimed by plaintiff.

4      Answering the eighth unnumbered paragraph of the General Negligence Attachment to
5  plaintiffs' form complaint, this answering defendant denies each and every allegation contained
6  within this paragraph, and further denies that a dangerous condition existed and denies that it is
7  responsible in any manner for the injuries or damages claimed by plaintiff.

8      Answering the first sentence of the ninth unnumbered paragraph of the General
9  Negligence Attachment to plaintiffs' form complaint, this answering defendant denies each and
10 every allegation contained within this paragraph, and further denies that a dangerous condition
11 existed and denies that it is responsible in any manner for the injuries or damages claimed by
12 plaintiff.  Answering the second sentence of the ninth unnumbered paragraph of Attachment
13 MV-2(f) to plaintiffs' form complaint, this answering defendant denies each and every allegation
14 contained within this paragraph, and further denies that a dangerous condition existed and denies
15 that it is responsible in any manner for the injuries or damages claimed by plaintiff.

16     Answering the first and second sentences of the tenth unnumbered paragraph of the
17 General Negligence Attachment to plaintiffs' form complaint, this answering defendant denies
18 each and every allegation contained within this paragraph, and further denies that a dangerous
19 condition existed and denies that it is responsible in any manner for the injuries or damages
20 claimed by plaintiff.

21     Answering the eleventh unnumbered paragraph of the General Negligence Attachment to
22 plaintiffs' form complaint, this answering defendant denies each and every allegation contained
23 within this paragraph, and further denies that a dangerous condition existed and denies that it is
24 responsible in any manner for the injuries or damages claimed by plaintiff.

25     Answering the twelfth unnumbered paragraph of the General Negligence Attachment to
26 plaintiffs' form complaint, this answering defendant denies each and every allegation contained
27 within this paragraph, and further denies that it is responsible in any manner for the injuries or
28 damages claimed by plaintiff.

1    Answering the first sentence of the thirteenth unnumbered paragraph of the General

2  Negligence Attachment to plaintiffs' form complaint, this answering defendant has no

3  information or belief upon which it can admit or deny the allegations that "Plaintiff DANIELLE

4  ROMERO suffered the loss of her only child, Ruben Anthony Torres and the Estate's decedent

5  was caused fatal injuries and" and, on that basis, defendant denies this allegation. This answering

6  defendant denies each and every remaining allegation contained within this paragraph, and

7  further denies that it or its employees were negligent, that a dangerous condition existed and that

8  it is responsible in any manner for the injuries or damages claimed by plaintiff.

**ANSWER TO ALLEGATIONS ENTITLED**
**"INTENTIONAL TORT"**

11    Answering all paragraphs of the Intentional Tort cause of action contained in plaintiffs'

12  form complaint, answering defendant states that these allegations do not pertain to it, and

13  therefore defendant has no information or belief upon which it can admit or deny the allegations

14  contained therein and, on that basis, defendant denies the allegations.

**ANSWER TO ALLEGATIONS ENTITLED**
**"EXEMPLARY DAMAGES"**

16    Answering all paragraphs of the Exemplary Damages Attachment to plaintiffs' form

17  complaint, answering defendant states that these allegations do not pertain to it, and therefore

18  defendant has no information or belief upon which it can admit or deny the allegations contained

19  therein and, on that basis, defendant denies the allegations.

**ANSWER TO ALLEGATIONS ENTITLED**
**"GENERAL NEGLIGENCE – SURVIVAL ACTION"**

22    Answering paragraph GN-1 to plaintiffs' form complaint, defendant denies the allegation

23  that acts of this answering defendant was "negligent", that this defendant "was the legal or

24  (proximate) cause of damages to plaintiff" and that this defendant "negligently caused damage to

25  plaintiff." Answering defendant has no information or belief upon which it can admit or deny

26  the remaining allegations contained therein and, on that basis, defendant denies the allegations.

27    Answering paragraph 1 of the General Negligence – Survival Cause of Action to

28  plaintiffs' form complaint, answering defendant has no information or belief upon which it can

1  admit or deny the allegations contained therein and, on that basis, defendant denies the
2  allegations.

3  Answering paragraph 2 of the General Negligence – Survival Cause of Action to
4  plaintiffs' form complaint, answering defendant has no information or belief upon which it can
5  admit or deny the allegations contained therein and, on that basis, defendant denies the
6  allegations.

7  Answering paragraph 3 of the General Negligence – Survival Cause of Action to
8  plaintiffs' form complaint, answering defendant has no information or belief upon which it can
9  admit or deny the allegations contained therein and, on that basis, defendant denies the
10  allegations.

11  Answering paragraph 4 of the General Negligence – Survival Cause of Action to
12  plaintiffs' form complaint, answering defendant denies the allegations, and further denies that it
13  is responsible in any manner for the injuries or damages claimed by plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16  Plaintiffs' complaint, and each cause of action therein, fails to state facts sufficient to
17  constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

19  The employees, officers and agents of defendant DISTRICT were at all times material
20  hereto acting with both subjective and objective good faith, such that any claim for relief that
21  plaintiff may have is barred by law.

### THIRD AFFIRMATIVE DEFENSE

23  Plaintiffs and decedent were careless and negligent in and about the matters alleged in
24  said complaint and said carelessness and negligence on their part proximately and concurrently
25  contributed to their injuries and damages, if any there were.

### FOURTH AFFIRMATIVE DEFENSE

27  Plaintiffs and decedent failed and neglected to use reasonable care to protect themselves
28  and to minimize the losses and damages complained of, if any there were.

## FIFTH AFFIRMATIVE DEFENSE

The losses and damages complained of by plaintiffs were caused by the negligent acts or omissions of persons or entities other than this answering defendant, which negligence either is imputed to them or comparatively reduces the negligence and liability, if any exists, of this answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

The fault of persons or entities other than this defendant contributed to and proximately caused the occurrence described in the complaint filed herein; and, under the principles formulated in the case of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, this defendant is entitled to have the percentage of such contribution established by special verdict or other procedure, such that this defendant's ultimate liability is reduced to the extent of such contribution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as this answering defendant, as well as Government Code Sections 945.4 and 945.6 and related sections thereof.

## EIGHTH AFFIRMATIVE DEFENSE

This answering defendant alleges the provisions of the Public Liability Act of the California Government Code as a measure of its legal duties, if any, in this action.

## NINTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Sections 815 and 815.2 in that its employees are immune from liability and/or the acts and omissions complained of would not give rise to a cause of action against it or said employees.

## TENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Section 815.6 in that it exercised reasonable diligence at all times referred to in plaintiffs' complaint.

///

1

### ELEVENTH AFFIRMATIVE DEFENSE

2    Defendant is immune from liability pursuant to Government Code Section 820.2 in that

3    the acts, omissions and conduct complained of by plaintiffs were the result of the exercise of

4    discretion vested in its employees.

5

### TWELFTH AFFIRMATIVE DEFENSE

6    Defendant is immune from liability pursuant to Government Code Section 820.8 in that

7    the acts and omissions of persons other than its employees caused the injuries alleged by

8    plaintiff.

9

### THIRTEENTH AFFIRMATIVE DEFENSE

10    Defendant is immune from liability in that the alleged dangerous condition did not exist

11    upon public property owned or controlled by defendant within the meaning of Government Code

12    Sections 830 and 830 (c).

13

### FOURTEENTH AFFIRMATIVE DEFENSE

14    Defendant is immune from liability pursuant to Government Code Section 830.2 in that

15    the conditions of which plaintiff complains are of such a minor, trivial and insignificant nature

16    that it cannot reasonably be concluded that a substantial risk of injury was created.

17

### FIFTEENTH AFFIRMATIVE DEFENSE

18    The conditions complained of in plaintiff's complaint herein are not, and were not, a

19    dangerous condition of public property within the meaning of Sections 830 and 830.2 of the

20    California Government Code and did not create a substantial risk of injury when such property or

21    adjacent property was used with due care in a manner in which it was reasonably foreseeable that

22    it would be used.

23

### SIXTEENTH AFFIRMATIVE DEFENSE

24    Defendant is immune from liability pursuant to Government Code Section 830.6 in that

25    the conditions complained of constituted an approved design within the meaning of said statute.

26

### SEVENTEENTH AFFIRMATIVE DEFENSE

27    Defendant is immune from liability pursuant to Government Code Sections 835, 835.2,

28    840.2 and 840.4 in that defendant and its employees neither created nor had actual or

constructive notice of the defects of which plaintiffs complain, the conditions of property complained of did not create a substantial risk of injury to foreseeable users who employed due care, and the cost of operating and maintaining inspection systems that would have discovered the alleged defects would have been unreasonably expensive and impractical in relation to the risk involved.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Sections 835.4 and 840.6 in that the acts and/or omissions, if any, creating the dangerous conditions alleged by plaintiffs were reasonable within the meaning of said statutes.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Section 840 in that the conditions complained of by plaintiffs existed because of acts and/or omissions of defendant's employees acting within the scope of their employment for which no liability is imposed under relevant statutes.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant and its employees are immune from liability pursuant to Government Code Sections 818.6 and 821.4 for injuries caused by their alleged failure to inspect or by an inadequate or negligent inspection, if any there was.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Section 831 for any injuries or damages caused by weather conditions, including but not limited to sun, sunlight, sun glare and any such related conditions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Sections 818.2 and 821 for any alleged failure on its part, or on its employees' part, to adopt or not adopt any enactment, or for any alleged failure to enforce any law or ordinance.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant and its employees are immune from liability pursuant to Government Code

1    Section 818.4 and 821.2 for any injuries or damages caused by their alleged issuance, denial,

2    suspension or revocation of, or by their alleged failure or refusal to issue, deny, suspend or

3    revoke, any permit, license, certificate, approval, order or authorization.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

5    Defendant and its employees are immune from liability pursuant to Government Code

6    Sections 820.4 and 820.6 for the execution and enforcement of any law or for acting under the

7    apparent authority of any enactment, law, ordinance or regulation that is unconstitutional, invalid

8    or inapplicable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

10    Defendant is immune from liability pursuant to Government Code Section 830.5 in that

11    the happening of the subject accident, and alleged action taken by the CITY after the accident, do

12    not constitute evidence of a dangerous condition of its public property.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

14    Plaintiffs' second cause of action for premises liability fails to state a cause of action

15    against this answering public entity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17    Further answering the complaint and the separate causes of action thereof, and as a

18    further, separate and distinct affirmative defense thereto, defendant alleges that plaintiffs have

19    failed to take care and action to mitigate their damages, if any, and have allowed further

20    damages, if any, to occur, and to that extent are each prohibited from recovery of such damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22    Further answering the complaint and the separate causes of action thereof, and as a

23    further, separate and distinct affirmative defense thereto, defendant alleges that answering

24    defendant is immune from liability for punitive damages pursuant to the provisions of

25    Government Code Section 818.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

27    Further answering the complaint and the separate causes of action thereof, and as a

28    further, separate and distinct affirmative defense thereto, defendant alleges that it is not liable for

1  an award of prejudgment interest pursuant to Civil Code Section 3291.

2  ### THIRTIETH AFFIRMATIVE DEFENSE

3  Further answering the complaint and the separate causes of action thereof, and as a
4  further, separate and distinct affirmative defense thereto, defendant alleges that plaintiffs have
5  waived their claims, and their claims, and their claims are wholly or partially barred under the
6  doctrines of laches, waiver and/or estoppel.

7  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

8  Further answering the complaint and the separate causes of action thereof, and as a
9  further, separate and distinct affirmative defense thereto, defendant denies that it breached any
10  duty allegedly owed to plaintiffs.

11  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

12  Further answering the complaint and the separate causes of action thereof, and as a
13  further, separate and distinct affirmative defense thereto, defendant alleges that it is not liable
14  pursuant to Government Code Section 815.6 because the District was not under a mandatory
15  duty to act, and, if it was, it is immune for exercise of any mandatory duty when reasonable
16  diligence was used in discharging that duty.

17  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

18  Further answering the complaint and the separate causes of action thereof, and as a
19  further, separate and distinct affirmative defense thereto, defendant alleges that answering
20  defendant and its employees are immune from civil liability pursuant to the provisions of
21  Government Code Section 830.4.

22  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

23  Further answering the complaint and the separate causes of action thereof, and as a
24  further, separate and distinct affirmative defense thereto, defendant alleges that answering
25  defendant and its employees are immune from civil liability pursuant to the provisions of
26  Government Code Section 830.5.

27  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

28  Further answering the complaint and the separate causes of action thereof, and as a

further, separate and distinct affirmative defense thereto, said defendant alleges that answering defendant and its employees are immune from civil liability pursuant to the provisions of Government Code Section 830.6.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that answering defendant and its employees are immune from civil liability pursuant to the provisions of Government Code Section 830.8.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that answering defendant and its employees are immune from civil liability pursuant to the provisions of Government Code Section 831.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that answering defendant and its employees are immune from civil liability pursuant to the provisions of Government Code Section 831.2.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that answering defendant and its employees are immune from civil liability pursuant to the provisions of Government Code Section 831.4.

### FORTIETH AFFIRMATIVE DEFENSE

Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, defendant alleges that answering defendant and its employees are immune from civil liability pursuant to the provisions of Government Code Section 831.7.

1

2                    **FORTY-FIRST AFFIRMATIVE DEFENSE**

3          Further answering the complaint and the separate causes of action thereof, and as a

4    further, separate and distinct affirmative defense thereto, defendant alleges that it is immune

5    pursuant to Civil Code section 846.

6                   **FORTY-SECOND AFFIRMATIVE DEFENSE**

7          Further answering the complaint and the separate causes of action thereof, and as a

8    further, separate and distinct affirmative defense thereto, defendant alleges that it is immune

9    from suit pursuant to the immunities and defenses contained in Government Code Sections 810

10   through 895.8.

11                   **FORTY-THIRD AFFIRMATIVE DEFENSE**

12         Further answering the complaint and the separate causes of action thereof, and as a

13   further, separate and distinct affirmative defense thereto, defendant alleges that it is immune

14   from liability pursuant to Education Code Section 44808

15

16   WHEREFORE, defendant DISTRICT prays for judgment against plaintiffs as follows:

17          1.    That plaintiffs take nothing under their complaint;

18          2.    For costs of suit incurred herein; and,

19          3.    For such other and further relief as the Court deems proper.

20
     Dated: May 1, 2008                     BERTRAND, FOX & ELLIOT
21

22                                    By: _____

23                                          Thomas F. Bertrand
                                            Michael C. Wenzel
24                                          Attorneys for Defendant WEST CONTRA COSTA
                                            UNIFIED SCHOOL DISTRICT
25

26

27

28

I, K. A. Adams declare that:

I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, & Elliot for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

On May 6, 2008, I served the following document(s):

**DEFENDANT WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT'S FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

in said cause, on the following interested parties:

**Bennett Roger Glen**
Scranton Law Firm
2450 Stanwell Dr #B
Concord, CA 94520

Said service was performed in the following manner:

**( x )    BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed **May 6, 2008,** at San Francisco, California.

_____
K. A. Adams

1

PROOF OF SERVICE